

# THE ADMINISTRATIVE BOARD OF HARVARD COLLEGE
Information for students facing allegations in a peer dispute case

This guide is meant to give you information about the process by which the Administrative Board will address the complaint that has been brought against you by one of your peers and to provide guidance for you as your case moves forward. If you have any questions you should contact your resident dean (Resident Dean of Freshmen or Allston Burr Resident Dean), Board Representative, or the Secretary of the Administrative Board (adboard@fas.harvard.edu; 617-384-7239).

As the disciplinary case progresses, you should consider your emotional and physical well-being. If at any time you would benefit from confidential counseling to help cope with any personal distress, you are encouraged to contact the Bureau of Study Counsel (617-495-2581) or the University Mental Health Service (617-495-2042). While this process can be difficult, please be assured that there are many different people at Harvard who can assist you in accessing support services.

A disciplinary case always begins with an *allegation* of student misconduct in the form of a complaint or report. In a peer dispute case, one student makes an allegation against another student (peer), but any ensuing charges must be brought by, and on behalf of, the College. In other words, an allegation begins an initial review by the Administrative Board which may or may not end with the College issuing a *charge*. A charge triggers further investigation by the Administrative Board. A charge does not assume misconduct has occurred. Once the charge has been investigated, the Board will review the case and issue a *finding* and *outcome,* which is a determination as to whether a student has violated the rules of the College and the College's response, as appropriate. The student bringing the allegation is called the *complainant*. You, the student against whom a complaint is brought, are called the *respondent*.

There are three phases in a peer dispute case:

(1) Based on an initial review by an independent fact finder and a subcommittee of the Board, the Board determines whether a charge is warranted. The Board will issue a charge when it determines that the allegations, if true, might constitute a violation of the rules of the Faculty of Arts and Sciences and that further investigation is likely to enable it to resolve the case. This determination is based on an assessment of the information that may be obtainable through the Board's process, which is described in detail below.
(2) If the Board determines that a charge is warranted, the fact finder and subcommittee will carry out a further investigation.
(3) Once the investigation has been completed, the Board will evaluate the case and issue a finding.

The entire process, from start to end, ordinarily takes between 3 to 6 weeks, depending on how much information the Board receives during the investigation.

While the disciplinary case is proceeding, you should not attempt to contact, or respond to any communication from, the complainant, either directly or through others.

As with all proceedings of the Board, *any material related to a case must remain confidential and its disclosure to anyone other than Board representatives, resident deans, family members, legal counsel, or personal advisers (officers of the University affiliated with the Faculty of Arts and Sciences; see below) is strictly prohibited and may subject a student to disciplinary action. Those people with whom a student has shared disciplinary case materials are prohibited from disclosing them to others without the express permission of the College, and any such disclosure also may subject the student to further disciplinary action.* These confidentiality obligations are intended to help protect your privacy and the privacy of any other students involved in this process. They will remain in full force even after the conclusion of the disciplinary case.

**EXHIBIT 3**

Should you have any questions or concerns about those with whom you may discuss the disciplinary case, you should consult with your resident dean (Resident Dean of Freshmen or Allston Burr Resident Dean), Board Representative, or the Secretary of the Administrative Board (adboard@fas.harvard.edu; 617-384-7239) before taking any action.

**Three Phases of a Peer Dispute Case before the Administrative Board:**

**Initial Review**
>*Allegation: Complainant's Statement*
>*Notification*
>*Choosing Your Representation: Board Representative and Personal Adviser*
>*Serious Criminal Conduct*
>*Your Initial Statement*
>*Response Statements*
>*Interviews*
>*Charge Recommendation*
>*Charge Decision*

**Further Investigation**
>*Additional Interviews and Information Gathering*
>*Disciplinary Case Report*
>*Presentation of the Case*

**Finding**
>*Possible Outcomes*
>*Conclusion of the Case*

---

**Initial Phase**

*Allegation: Complainant's Statement*

When a student chooses to bring a peer dispute complaint to the Administrative Board, he or she is asked to submit to the Secretary of the Board a detailed written statement summarizing his or her allegations. The complainant is also asked for a descriptive list of all sources of information (e.g., persons, correspondence, records, etc.) that he or she believes the Board should investigate, along with a brief explanation of why he or she believes the inquiries would be relevant and helpful to the investigation. The Secretary of the Board then presents the allegations to the Dean of the College. The Dean, as Chair of the Administrative Board, refers the matter to an independent fact finder (typically a professional from outside the University) and appoints a small subcommittee of the Board, ordinarily two or three people, whose names and contact information will be given to you. The fact finder and other members of the subcommittee will communicate with you directly, through the Secretary, or through your Board Representative.

*Notification*

You will be notified by the Secretary of the Board (or other designee of the Dean of the College) that an allegation has been made against you. During that meeting, the Secretary of the Board will outline for you the College's confidentiality policies, disciplinary process, and the allegation. At this point, you will not have access to the complainant's statement or any of the details he or she has provided.

*Serious Criminal Conduct*

When a complaint involves allegations of serious criminal conduct, we advise respondents to seek legal counsel before making any written or oral statements to the College. (A separate letter explaining this issue will be given to you if applicable.) The College's disciplinary process is pedagogical rather than judicial, and attorneys for students

are not permitted to participate. However, respondents are advised to seek legal advice about how the College's disciplinary process could impact any criminal case in which they may be involved. Ordinarily, if a complaint is being pursued through the criminal justice system, then the Board will postpone or suspend its own review of the matter until the criminal case has been concluded.

*Choosing Your Representation: Board Representative and Personal Adviser*

Every Harvard College student has an official representative on the Administrative Board who serves as a liaison with the College in any Board matter. Ordinarily, a student's representative to the Board is his or her Resident Dean of Freshmen or Allston Burr Resident Dean. *If you believe that your resident dean is not the best person to assist you with the case,* you may choose any other voting member of the Board (except for the Chair and the Secretary) as an alternate to serve as your Board Representative, in which case all communication will be through the alternate rather than your resident dean. If both you and the complainant are residents of the same House, the resident dean ordinarily will advise only one of you and a "Board alternate" will be assigned to the other by the Dean of the College. To choose someone other than your resident dean to be your Board Representative, contact the Secretary of the Board.

Your Board Representative is an officer of the College and you should be open and honest when talking with him or her. The role of your Board Representative, whether your resident dean or Board alternate, is to represent you to the subcommittee and the Board. He or she will be present at all meetings and will make certain that you are kept informed throughout the process. Your Board Representative also will present to the Board a full summary of the facts of the case in which you are involved; he or she will not advocate for you but will make certain that your perspective is clearly presented. Though your Board Representative does not vote on your case, he or she does speak on your behalf and participates in deliberations about your case.

Students involved in disciplinary cases, including peer disputes, may be more comfortable navigating the Administrative Board's process with the support of a personal adviser in addition to their Board Representative. Your personal adviser is given access to all case information, may attend interviews with you, and can provide general advice and support. A personal adviser must be an officer of the University affiliated with the Faculty of Arts and Sciences, such as a proctor or tutor, coach, teaching fellow, instructor, or faculty member. Undergraduate students and members of your family may not serve as personal advisers for these purposes, even if they are affiliated with the Faculty of Arts and Sciences.

*Your Initial Statement*

You will be asked to prepare a written statement responding to the allegation against you.

The statement is among the most important documents considered by the Board in a case and is the first opportunity you have to describe the event and respond to the allegation. You must write it yourself; it is unacceptable to submit statements written by others, including parents, advisers, or attorneys. You are, however, encouraged to share a draft of your statement with your Board Representative who is well-positioned to discuss, among other matters, your statement's style, organization, length, and clarity, while also anticipating questions it may raise for the Board. In addition, you may wish to share a draft of the statement with your family members, legal counsel, or your personal adviser.

Your statement should communicate your account of the event and its context, as well as your reflections:

> *Tell the story in full*. This is your opportunity to relate in full the facts of the alleged incident as you recall them. You should take care to distinguish between what is known first-hand and what you may have learned later from others.
>
> *Describe the context*. The Board is especially interested in your perspective on the incident, your perception of the complainant's conduct and the context in which the incident occurred.
>
> *Reflect on the event*. It is helpful to the Board for you to provide any conclusions you have drawn about the alleged incident, stating clearly why you believe your actions may or may not have violated a rule or standard of conduct in the College.

Attach to your statement a descriptive list of all sources of information (e.g., persons, correspondence, records, etc.) that you believe the Board should investigate, along with a brief explanation of why you believe the inquiries would be relevant and helpful to the investigation. Please identify sources of supporting information but do not attempt to obtain them yourself; the Secretary, fact finder, or subcommittee chair will direct the solicitation of any statements or documents sought as part of the investigation. Once it is completed, you should sign, date, and submit your printed statement. Emailing your statement directly to the Secretary of the Board is also acceptable.

If you decline to provide a written statement you may not view the complaint or other statements submitted to the College, except as part of the subcommittee's final report to the Board (see "Disciplinary Case Report" below).

*Response Statements*

After your statement is received, you and the complainant will be allowed to review each other's statements and respond to them in writing. The initial statements, as well as both of your responses, will be submitted to the fact finder and the subcommittee by the Secretary.

*Interviews*

You and the complainant will have the opportunity to meet individually with the fact finder and subcommittee to discuss the alleged incident and to answer questions, if you choose to do so, before a decision about issuing a charge is made. There is no obligation for you to meet with the subcommittee, and, if you do, you are free to participate to whatever extent you feel comfortable, within the bounds of standard Board procedures. The Board will draw no conclusions or inferences from your decision. You and the complainant will always meet at separate times with the fact finder and subcommittee and will never be asked to confront each other. Ordinarily, all statements, responses and other documents related to the case will be distributed to the subcommittee members in advance of your interview. *All materials provided to the subcommittee also will be shared with you, your Board Representative, and your personal adviser, if you have one, in advance of your interview with the subcommittee.*

Your Board Representative will accompany you to all the meetings with the subcommittee or fact finder, and you also may choose to include your personal adviser. Personal advisers and Board Representatives participate in the discussion with the subcommittee for two purposes:

(1) to suspend the subcommittee proceedings momentarily to take you outside the interview room for a brief break; and/or
(2) to address the subcommittee briefly if there are relevant facts that the two of you previously discussed, but that you failed to raise in the interview.

You and your personal adviser should arrive a few minutes before the scheduled time of the interview; you will be provided with a private area outside the meeting room to wait. Once the subcommittee is ready, your Board Representative will escort you and your personal adviser into the meeting where the subcommittee and the fact finder will introduce themselves. The complainant's Board Representative will also be present. This meeting is an opportunity to discuss your memories of the event in question, voice any concerns you may have and work with the fact finder to determine what information may be available for the second phase of the investigation, if a charge is issued. At the conclusion of the interview, you are permitted to make an optional closing statement.

The subcommittee and fact finder also will interview the complainant and may, at their discretion, interview others who were identified as potential sources of information. Your Board Representative and the complainant's Board Representative will be present for all interviews so that they can inform you and the complainant about what was said during the interview and about any information that was obtained.

*Charge Recommendation*

Once the interviews are complete, the fact finder will evaluate the information obtainable through the process as described above and provide his or her assessment to the subcommittee. Together, the subcommittee and fact finder will decide whether to recommend that the College issue a charge, and you and the complainant will be notified individually by your Board Representatives of that decision. You and the complainant will have an opportunity

4

(typically 1 to 3 days) to respond to the subcommittee's recommendation in writing. After you have had the opportunity to respond, the subcommittee will make its recommendation to the full Administrative Board.

Prior to the Board meeting where the charge decision is made, the complainant may withdraw his or her allegation. This will, under most circumstances, end the process. Once an allegation is withdrawn, it cannot be filed again at a later time. However, if the allegations involve conduct that is of a particularly serious nature, or if similar allegations have been brought by others about you, then the College may decide to move forward with a charge in the interest of community safety. If a complainant withdraws the allegation and the College decides to move forward the case will no longer be a peer dispute. For more information on cases that do not involve a peer dispute, visit www.adboard.fas.harvard.edu.

*Charge Decision*

After the subcommittee makes its charge recommendation, the full Board will read all statements and responses, as well as your and the complainant's responses to the subcommittee's charge recommendation, if any. After reviewing this material carefully, the Board will meet to discuss one of three possible actions:

(1) *Issue a charge and refer the matter back to the fact finder and subcommittee for further investigation*;

(2) *Bracket, or postpone, the decision on issuing a charge* pending receipt of additional specific information; or

(3) *Decline to issue a charge*, because the Board determines that further investigation is unlikely to obtain information adequate for the Board to decide the case or it is clear that there has been no violation of the rules of the faculty. If the Board declines to issue a charge, it may reconsider should new information become available.

In all cases, you and the complainant will be informed by your respective Board Representatives whether the Board issued a charge.

Remember, a charge does not assume misconduct has occurred but simply initiates a full review by the Administrative Board. A decision to issue a charge means only that the Board has determined both that:

(1) the allegations, if true, might constitute a violation of the rules of the Faculty of Arts and Sciences; and
(2) further investigation is likely to enable the Board to resolve the case.

**Further Investigation**

*Additional Interviews and Information Gathering*

If a charge is issued, the fact finder and/or subcommittee will conduct additional interviews with you, the complainant, and possibly other relevant parties (including, for example, those identified as potential sources of information by you or the complainant). Witnesses who are no longer on campus or in the Boston area are sometimes interviewed by phone. Your Board Representative will continue to attend all relevant meetings and keep you informed of the progress of the case. He or she also will provide you copies of all documents and other information obtained by the fact finder and subcommittee.

*Disciplinary Case Report (DCR)*

At the conclusion of its investigation, the subcommittee will issue a confidential report, called a Disciplinary Case Report ("DCR"), to the full Board. The DCR describes the facts and circumstances of the case and may include a recommendation for disciplinary action. DCRs include copies of all statements and other documents obtained by the fact finder or subcommittee and deemed relevant to the allegations (such as police reports, court documents or other records).

You and the complainant will have the opportunity (typically 1 to 3 days) to read and respond to the DCR in advance of the meeting at which the Board will decide the case. You may respond either in writing or orally to your Board Representative, who will be present when the Board hears the case.

*Presentation of the Case*

Every Board hearing of a peer dispute case begins with *an oral summary of the allegations* by the subcommittee and the fact finder. Members of the Board will have read the DCR and the written responses you and the respondent submitted, if any, before discussing and deciding the case. Any member of the Board may offer a recommendation for action, or *motion* (there is sometimes a range of motions offered), and, after the discussion, the Chair will call for a vote.

The fact finder, resident deans, and Board Representatives of the students principally involved may not vote on the case.

**Finding**

*Possible Outcomes*

To take any disciplinary action against a student, the Board must be sufficiently persuaded that the student has violated the rules of the Faculty. The Board's disciplinary case decisions generally depend on two criteria:

> (1) the seriousness of the infraction; and
> (2) extenuating circumstances, including the extent to which a student has had similar trouble before.

In peer dispute cases, as in all other disciplinary cases, the Board may take one of a number of actions, listed here. The following possible actions *do not* change your status at the College, meaning that you remain "in good standing:"

> *Bracket, or postpone, the decision* pending receipt of additional specific information.
>
> *Scratch*. There are no grounds for action. A decision of scratch is recorded in a student's file to signal that the Board found no fault.
>
> *Take No Action*. A serious accusation was made but was not or could not be substantiated.
>
> *Admonish*. A warning from the Board that a student has violated the rules or standards of conduct in the College. The Board may respond to any future instances of misconduct with formal disciplinary action.

The following possible actions of the Board *do* change your status in the College, meaning that you are no longer considered to be "in good standing." This information is disclosed to parents or guardians, as well as to graduate or professional schools under certain circumstances.

> *Place on Probation.* A student on disciplinary probation has displayed behavior that causes considerable concern. Students on probation are expected to pay close attention to their conduct, both during the period of probation and after. The Board will likely respond more seriously (e.g., requirement to withdraw) to further infractions. A student is relieved of probation at the end of the time period set by the Board, typically one or two terms, provided there has been no further misconduct.
>
>> *Requirements and Restrictions (at the Board's discretion)*. When a particular activity contributed directly to the problem for which a student was placed on probation, requirements and restrictions may be placed on that student. Requirements might include, for instance, alcohol counseling in cases of inappropriate conduct while under the influence, or mandatory tutoring in proper citation in cases of misuse of academic sources. Restrictions might include, for instance, barring a student from participating in an extracurricular activity that contributed to or allowed for the misconduct.

> *Require to Withdraw.* When a student's conduct is unacceptable and the Board has determined that the student needs to be separated from the College to gain perspective on his or her actions, or to address and resolve his or her difficulties, then the Board requires the student to leave the Harvard community and to hold a full-time, paid, non-academic job in a non-family situation, for at least six consecutive months before petitioning for readmission to the College. The length of withdrawal normally ranges from two to four terms. Readmission to the College after a requirement to withdraw is not automatic, and requires a vote of the full Administrative Board. A readmitted student generally returns in good standing, unless the misconduct also resulted in an unsatisfactory academic record. Ordinarily, a second requirement to withdraw, whether for a disciplinary case or academic review, is final.
>
>> *Recommendation to Dismiss or Expel.* In the most serious cases of misconduct, the Administrative Board may require a student to withdraw with a recommendation that he or she be dismissed or expelled from the College. Dismissal and expulsion sever a student's connection with the University. A dismissed student can be readmitted only by a vote of the Faculty; a student who has been expelled may not be readmitted. The Administrative Board cannot itself dismiss or expel a student.

Any disciplinary action requires at least a majority vote and, in the case of a requirement to withdraw, at least a two-thirds vote of the members present and eligible to vote (a student's own resident dean and Board Representative are not eligible to vote, and the Chair of the Board ordinarily does not vote). Ordinarily, a close vote will lead to further consideration of the case by the Board, after which another vote will be taken.

*Conclusion of the Case*

Once an outcome has been reached, your Board Representative will notify you of the Board's finding, and your resident dean will send a letter to you confirming the Board's decision in writing. The Board's proceedings and decisions are confidential and communicated only to those with a need to know. In cases involving allegations of sexual assault or physical violence, both you and the complainant will be informed of the Board's decision. In cases other than those involving allegations of sexual assault or physical violence, the complainant will not be informed of the Board's decision.

A student cannot receive a degree before a pending disciplinary case is resolved, or before his or her status in the College is restored to good standing, and ordinarily may not participate in commencement or related activities or exercises.

After the case has been decided, all materials reviewed by the Board members are destroyed. Regardless of the outcome, a redacted copy of the confidential DCR and all other materials will be placed in a sealed envelope in your College file and in the file of the complainant. These documents are part of your educational record, as defined and protected by federal law.

If you have questions about the process or the procedures of the Board, you should contact your resident dean, Board Representative, or the Secretary of the Administrative Board at adboard@fas.harvard.edu (617-384-7239). Further information is also available on the website of the Administrative Board at www.adboard.fas.harvard.edu and in the *Handbook for Students* at
http://handbook.fas.harvard.edu/icb/icb.do?keyword=k79903&pageid=icb.page418695.