UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>        Plaintiff,<br><br>   v.<br><br>HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Defendants. | Civil Action No. 1:19-cv-12172 |

**MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rule 7.2, Defendants Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College (together "Harvard")[1] hereby move for leave to file under seal documents supportive of their Motion to Dismiss, as well as to redact the names and personally identifiable information of non-parties named in those sealed documents.  As explained below, the documents Harvard seeks to file under seal are notices of denial of appeal and disciplinary case reports issued as part of Harvard's disciplinary proceedings against Plaintiff.  These documents contain confidential and intimately private information about parties and non-parties and are records protected against disclosure by the Family Educational Rights and Privacy Act ("FERPA").  Harvard further moves for leave to file a redacted Memorandum in support of its Motion to Dismiss ("Memorandum") through ECF and to submit to the Court an unredacted Memorandum under seal.  As explained below, the Memorandum quotes limited portions of the disciplinary case reports.  Counsel for Harvard have conferred with counsel for Plaintiff, who have indicated that Plaintiff assents to the documents being filed under seal, but objects to Harvard providing Plaintiff the reports redacted with pseudonyms.

**BACKGROUND**

In 2013, three Harvard College students filed sexual misconduct complaints against Plaintiff, also a Harvard College student at the time.  During its investigation of the complaints, Harvard prepared three disciplinary case reports, each of which contains sensitive nonpublic information about the students who participated in Harvard's investigation, detailing the

---

[1] Plaintiff's Complaint incorrectly identifies the Harvard entities as "Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College."  The President and Fellows of Harvard College is the legal entity that comprises the various named defendants and is the only proper party to this litigation.

- 1 -

- 2 -

allegations and evidence gathered in connection with the sexual misconduct complaints. Harvard ultimately required Plaintiff to withdraw and dismissed him from the College as a result of the complaints, and when Plaintiff appealed, issued two notices denying those appeals.

On October 21, 2019, Plaintiff filed the Complaint in this action, asserting four claims against Harvard stemming from his disciplinary proceedings: breach of contract; breach of basic fairness; breach of the covenant of good faith and fair dealing; and estoppel and reliance.  Dkt. 1. In support of his claims and throughout his Complaint, Plaintiff discusses and relies upon the three disciplinary case reports, *see*, *e.g.,* Compl. ¶¶ 191-201, 329-38, as well as the decision on appeal, *see id.* ¶ 371.  These documents may thus properly be considered at the motion-to-dismiss stage. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000).

On December 20, 2019, Harvard intends to file a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), together with a Memorandum in Support of that Motion.  The Memorandum attaches and quotes from the same disciplinary case reports and notices of denial of appeal relied on by Plaintiff in the Complaint.  Given the sensitive nonpublic information contained in the reports and the documents' status as education records, Harvard moves now to file the reports and the notices of denial of appeal, as well as its Memorandum quoting from those documents, under seal.

## ARGUMENT

The three disciplinary case reports and the notices of denial of appeal should be redacted and filed under seal for two independent reasons.  First, the reports contain intimate, sensitive, and confidential information that would be harmful to Plaintiff and non-parties if released to the

public.  And second, the reports and the notices of denial of appeal are records protected against disclosure under the regulations promulgated under FERPA.

I.   **The Reports Contain Intimate Personal And Confidential Information About Plaintiff And Non-Parties.**

Pursuant to District of Massachusetts Local Rule 7.2, confidential information or materials submitted with court filings may be sealed or otherwise restricted from public access upon a showing of good cause.  Good cause exists in this matter for at least two reasons.  First, the reports reveal highly personal, confidential, and sensitive information about Plaintiff, as well as non-parties to this case—namely, the complainants and other witnesses who participated in Harvard's investigation.  The reports identify the complainants by name and describe in detail the sexual interactions that formed the basis for their sexual misconduct complaints against Plaintiff.  There are also more than 100 pages of exhibits attached to the reports, which contain highly personal and private text messages and emails from Plaintiff, the complainants, and other Harvard College students.  Making this kind of information available to the public has the potential to "injure the reputations of the students involved, including the perpetrator, the victim and any witnesses." *United States v. Miami Univ.*, 294 F.3d 797, 818 (6th Cir. 2002); *see also Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that individuals who accuse others of sexual misconduct have a strong case for anonymity).  And that potential harm outweighs any interest the public might have in accessing this information.  *See In re Bos. Herald, Inc.*, 321 F.3d 174, 190-91 (1st Cir. 2003) (affirming the trial court's sound discretion to maintain documents under seal where the privacy interests outweigh the general public interest in access to judicial records, and noting that courts should give increased weight to the privacy interests of third parties).

Harvard also has an interest in the confidentiality of these reports. Confidentiality is key to the integrity and functioning of Harvard's disciplinary process, the goal of which is to promote and maintain a secure campus. Revealing the personally identifiable information of any of the students named in the reports may have a chilling effect on student and other witness participation in Harvard's investigatory processes. *See DeCosta v. Chabot*, 1994 WL 279739, at *2 (D.N.H. June 9, 1994) (granting motion to seal abuse investigation records as supporting exhibits to a dispositive motion, in part to "encourage reports and to protect the reporters").

## II. The Reports And The Notices Of Denial Of Appeal Constitute Records Protected Against Disclosure Under FERPA.

The reports and notices of denial of appeal should be filed under seal and in a redacted form for a second, independent reason: Harvard is prohibited by FERPA's implementing regulations from (i) disclosing education records to the public and (ii) disclosing the names and identities of the Harvard College students who are not parties to this litigation, but who are named in the reports.

As a general matter, universities may not produce to third parties any "personally identifiable information from [a] student's education records" absent prior written consent. 34 C.F.R. § 99.30. One exception to that rule applies when, as here, a "student initiates legal action against" a university. *Id.* § 99.31(a)(9)(iii)(B). But that exception only allows the university to "disclose *to the court*, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." *Id.* (emphasis added). A sealed filing that would limit dissemination of Plaintiff's education records—including the reports and the notices of denial of appeal—to the Court is thus warranted.

As discussed above, the reports also disclose the identities of the three women who filed sexual misconduct complaints against Plaintiff, as well as several witnesses involved in the

proceedings. That information is treated as confidential elsewhere in the FERPA implementing regulations. *See, e.g., id.* § 99.31(a)(14)(ii) (providing that a university is permitted to disclose a student's education record as part of a disciplinary proceeding but that it "may not disclose the name of any other student, including a victim or witness," involved in the disciplinary proceeding). As such, Harvard should be permitted to redact the names and personally identifiable information of these other students, even when filing the reports under seal.[2]

### III. A Redacted Version Of The Memorandum Should Be Publicly Filed, And An Unredacted Version Should Be Filed Under Seal.

If the Court finds good cause for filing the disciplinary case reports and the notices of denial of appeal under seal, it follows that the Court should find good cause for redacting the public version of the Memorandum to omit quotations from the reports and for filing a complete version of the Memorandum directly with the Court under seal.

### CONCLUSION

For the reasons set forth above, Harvard respectfully requests that this Court issue an Order permitting it to file the disciplinary case reports, including exhibits, and notices of denial of appeal under seal and with redactions to omit all references to the names and personally identifiable information of any student other than Plaintiff. Harvard also respectfully request that this Court issue an Order permitting it to redact the portions of its Memorandum that quote from the reports and to file the unredacted Memorandum under seal.

---

[2] Harvard proposes to replace the complainants' names with "Ann," "Betty," and "Cindy," the pseudonyms introduced in Plaintiff's Complaint. *See* Compl. ¶ 43. Other student witnesses will be referred to as "Witness #" or "W#." Plaintiff objects to being provided copies of the reports with these redactions.

Dated:  December 20, 2019                    Respectfully submitted,

                                                                             */s/ Anton Metlitsky*
Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
Patrick D. McKegney (*pro hac vice*)
pmckegney@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Facsimile:      (212) 326-2061

Apalla U. Chopra (*pro hac vice*)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

Bradley N. Garcia (*pro hac vice*)
bgarcia@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:     (202) 383-5300
Facsimile:      (202) 383-5414

Victoria L. Steinberg, BBO #666482
Tara D. Dunn, BBO #699329
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:     (617) 624-4714
Facsimile:      (617) 624-4814
vsteinberg@toddweld.com
tdunn@toddweld.com

*Attorneys for Defendants,
Harvard University, Harvard Board of
Overseers, and President and Fellows of
Harvard College*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned counsel hereby certifies that Defendants' counsel has conferred in good faith with counsel for Plaintiff regarding the foregoing Motion.  Plaintiff, through counsel, has indicated that he assents to the documents being filed under seal, but objects to Harvard providing Plaintiff the reports redacted with pseudonyms

*/s/ Anton Metlitsky*
Anton Metlitsky (*pro hac vice*)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2019.

                                               */s/ Anton Metlitsky*
                                               Anton Metlitsky (*pro hac vice*)