UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAMILARE SONOIKI, | ) | CIVIL CASE NO. 1:19-cv-12172- LTS |
| | ) | |
| Plaintiff, | ) | JUDGE LEO T. SOROKIN |
| | ) | |
| v. | ) | |
| | ) | |
| HARVARD UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATEMENT

Pursuant to this Court's Notice of Scheduling Conference issued on July 12, 2022, Fed. R. Civ. P. 16 and 26, and Local Rules 16.1 and 26.1, the parties submit this Joint Statement:

### A. Proposed Schedule

The parties propose the following schedule:

| Event | Date |
|---|---|
| Exchange initial disclosures | August 31, 2022 |
| Deadline for amendment of pleadings and joinder of parties | August 12, 2022 |
| Deadline for Defendants' answer (if no amended pleadings are filed) | August 19, 2022 |
| Plaintiff's (or proponents') expert witness reports and information required by Fed. R. Civ. P. 26 | January 31, 2023 |
| Defendants' (or opponents') expert witness reports and information required by Fed. R. Civ. P. 26 | March 31, 2023 |
| Any rebuttal expert report | May 31, 2023 |
| Deadline for service of discovery requests | October 14, 2022 |
| Close of discovery | November 30, 2022 |
| Deadline for summary judgment motions | May 31, 2023 |
| Trial | October 17, 2023 |

### B. Discovery

The parties agree as follows:

1. **Preservation of Discoverable Information.** Counsel represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information.

2. **Electronically Stored Information.** The parties recognize their obligation pursuant to the Federal Rules of Civil Procedure to preserve and produce, if requested in discovery, all relevant, non-privileged documentation, including electronically stored information. Counsel has agreed to work cooperatively to resolve any issues concerning the disclosure or discovery of electronically stored information.

3. **Protective Order.** The parties contemplate submitting to the Court an agreed upon, proposed Protective Order governing materials produced and generated in discovery.

4. **Limitations on Discovery.** At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts are necessary in this case. To the extent that a potential need to change the limitations on discovery comes to the attention of a party, the parties agree to meet and confer regarding the same.

5. **Electronic Service of Documents.** The parties agree that discovery requests or other papers not served via ECF may be served on counsel of record by email provided that all exhibits and attachments are included. The three days additional time provided for under Fed. R. Civ. P. 6(d) and 5(b)(2)(E) shall apply to all documents served.

### C. Settlement/Alternative Dispute Resolution

The parties do not agree that ADR would not be productive at this time.

### D. Amenability to Trial by Magistrate Judge

The parties have not agreed to reassignment of this case to a Magistrate Judge.

### E. Local Rule 16.1(d)(3) Certifications

Certifications from the parties will be separately filed.

### F. Plaintiff's Position as to Liability and Relief

The case is on remand from the First Circuit Court of Appeals. Here, the First Circuit ruled that Plaintiff has plausibly alleged that he had a reasonable expectation that he would receive his degree from Harvard. Indeed, the Court concluded, "Sonoiki plausibly alleged he reasonably expected his degree would issue at the graduation ceremony and therefore has plausibly alleged Harvard breached the contract between them when it withheld his degree before issuing any disciplinary charges." Opinion, p. 25. Along with this issue, the Court remanded several other breach of contract issues to the Court for adjudication.

The First Circuit's reasonable expectation standard, as applied in the higher education context, focuses on the student's interpretation of the contract's terms, analyzing "what meaning the party making the manifestation, the university, should reasonably expect the other party to give it." *Schaer v. Brandeis Univ.*, 735 N.E.2d 373, 378 (Mass. 2000) quoting *Cloud v. Trs. of Bos. Univ.*, 720 F.2d 721, 724 (1st Cir. 1983). The standard allows a student's reasonable expectations to differ from the import the university places on the same terms. A student's expectations can be reasonable even if the expectation is not stated explicitly in the contract's language. Instead, when the student's expectation, viewed objectively alongside the express terms of the contract, is based on the student's fair interpretation of the contract's provisions, the expectation may be reasonable. *See id.*; *see also Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 217-18 (D. Mass. 2017) (concluding the plaintiff had alleged sufficient facts to state a plausible breach of contract claim because the accused reasonably expected the investigative process would include steps that could reveal

exculpatory as well as inculpatory evidence even though the contract did not explicitly state the investigative process would include an examination of both the complainant and accused's actions after the incident at issue). *See* Opinion, p. 32-33.

Based on this standard, this Court should also consider the following:

1. Whether Plaintiff's Board Representative lived up to his reasonable expectations, and whether the Board Representative violated these expectations;
2. Whether Plaintiff's Board Representative violated his reasonable expectation of confidentiality;
3. Whether Plaintiff's reasonable expectations were breached by his Board Representative not providing him the identities of witnesses; and
4. Whether Dean Ellison failed to meet the reasonable expectations laid out in the Ad Board Procedures.

Plaintiff will seek guidance as to whether the complaint must be amended to confirm to the First Circuit's decision.

Should this Court hold that the inadequate procedural protections and ambiguous contract language deprived Plaintiff of a fair process, the remedy would be the award of his already-earned undergraduate degree given the jurisdictional arguments that Plaintiff will advance, as discussed above.

### G. Defendants' Position as to Liability and Relief

Two different women filed complaints shortly before Plaintiff Damilare Sonoiki's 2013 Harvard College graduation ceremony, alleging that Plaintiff engaged in non-consensual sexual intercourse with them. Several days later, a third complainant, alleged that Plaintiff engaged in non-consensual sex with her several times while they were roommates. Following Harvard's

applicable policies and procedures, a Subcommittee of Harvard's Administrative Board, as well as an independent fact-finder, investigated the complaints, interviewed witnesses (including Plaintiff and the complainants), and gathered evidence. At the conclusion of this investigation, the Subcommittee prepared three separate disciplinary case reports—108 pages for the first complaint, 62 pages for the second, and 72 pages for the third—determining that Plaintiff engaged in serious sexual misconduct in each case. Each report also recommended (i) that Plaintiff be required to withdraw from Harvard for four terms and (ii) that he be dismissed from Harvard (i.e., that Harvard sever its connection with him and allow him to be readmitted only by a vote of the Faculty Council). The full Administrative Board found in each case, after considering the Subcommittee's findings and Plaintiff's responses, that Plaintiff had committed the sexual misconduct alleged, required him to withdraw from the College, and recommended to the Faculty Council that he be dismissed. Plaintiff appealed to the Faculty Council, those appeals were denied, and the Council concluded that Plaintiff should be dismissed from Harvard.

Five years later, Plaintiff filed this lawsuit, alleging that Harvard violated its procedures for adjudicating sexual misconduct complaints and alleging claims for (i) breach of contract, (ii) violation of Plaintiff's right to basic fairness; (iii) violation of the covenant of good faith and fair dealing (iv) estoppel and reliance.

On June 22, 2020, the District Court (Casper, J.) granted Harvard's motion to dismiss as to all Plaintiff's claims. On June 14, 2022, the First Circuit affirmed the dismissal of the basic fairness, good faith and fair dealing, and estoppel and reliance claims. The First Circuit also affirmed the dismissal of many of Plaintiff's breach-of-contract allegations. However, the First Circuit reversed and remanded as to several of Plaintiff's breach-of-contract claims.

Plaintiff's surviving claim includes allegations that Harvard breached its promises to Plaintiff with respect to (i) the timing of granting a degree, and (ii) the roles of the Administrative Board's Secretary and Board Representative in the investigation process. Harvard denies Plaintiff's remaining claim. The evidence will demonstrate that Harvard followed the robust procedures set forth in its student handbook and related policy and procedure documents pertaining to investigations of alleged sexual misconduct and sanctions. Harvard denies it is liable to Plaintiff for any damages.

Dated: July 18, 2022

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/      Susan C. Stone*
SUSAN C. STONE (*pro hac vice*)
KRISTINA W. SUPLER (*pro hac vice*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com

*Counsel for Plaintiff Damilare Sonoiki*

*/s/  Victoria L. Steinberg*
Victoria L. Steinberg, BBO #666482
Tara D. Dunn, BBO #699329
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:      (617) 624-4714
Facsimile:       (617) 624-4814
vsteinberg@toddweld.com
tdunn@toddweld.com

Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
Patrick McKegney (*pro hac vice*)
pmckegney@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:      (212) 326-2000
Facsimile:       (212) 326-2061

Apalla U. Chopra (*pro hac vice*)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:      (213) 430-6000
Facsimile:       (213) 430-6407

*Attorneys for Defendants,
Harvard University, Harvard University
Board of Overseers, and the President and
Fellows of Harvard College*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed via this Court's ECF system and served upon the attorney of record for each party as identified on the Notice of Electronic Filing (NEF) on July 18, 2022.

/s/     Susan C. Stone
SUSAN C. STONE (*pro hac vice*)

4870-8107-7290, v. 3