UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAMILARE SONOIKI,

               Plaintiff,

      v.

HARVARD UNIVERSITY, et al.,

            Defendants.

Civil Action No. 1:19-cv-12172-LTS

## **DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 8(b) and 8(c) of the Federal Rules of Civil Procedure, Defendants by and through their undersigned attorneys, hereby respond to Plaintiff's Amended Complaint and Jury Demand.

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Amended Complaint, including, without limitation, any allegations contained in the Amended Complaint's preamble, headings, subheadings, or footnotes, and denies any liability to Plaintiff and to any individual on whose behalf Plaintiff seeks recovery.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied.  Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## **INTRODUCTION**

1.     The allegations in paragraph 1 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

2.     The allegations in paragraph 2 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

3.      Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 3 are irrelevant and that no response is required because they concern Plaintiff's allegations that Defendants deprived him of basic fairness throughout the adjudicatory process. *Sonoiki v. Harvard Univ.*, 37 F.4th 691, 716 (1st Cir. 2022).  The remaining allegations in paragraph 3 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

4.      The allegations in paragraph 4 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants additionally state that, pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 4 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations regarding bias and basic fairness, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26, 716.  To the extent a response is required, Defendants deny each and every allegation in paragraph 4.

5.      The allegations in paragraph 5 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

6.      The allegations in paragraph 6 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

7.      Pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 7 are irrelevant and no response is required to the extent they concern Plaintiff's allegations regarding bias, which have been dismissed. *Sonoiki*, 37 F.4th 713 n. 26.  The remaining allegations in paragraph 7 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

**PARTIES**

8.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis denies them.

9.      Admitted.   Defendants admit that Harvard University is a private, liberal arts college in Cambridge, Massachusetts.  The President and Fellows of Harvard College operates and governs Harvard University.

10.     Admitted in part, denied in part.  Defendants admit the Harvard Board of Overseers is one of the governing boards Harvard University and is composed of 30 members.  To the extent the allegations in paragraph 10 refer to a website, the website speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 10 characterize the language and/or contents of the website, denied.

11.     Admitted.

## JURISDICTION AND VENUE

12.     The allegations in paragraph 12 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants admit that they do not dispute the Court's jurisdiction in this case.

13.     The allegations in paragraph 13 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants admit that they conduct business within the Commonwealth of Massachusetts and do not dispute that the Court has jurisdiction over it.

14.     The allegations in paragraph 14 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants admit that they reside within the Commonwealth of Massachusetts and do not dispute that venue is proper in this district.

## FACTUAL BACKGROUND

I.       **In 2013 Damilare was a Rising Star and Pillar of the Harvard Community**

15.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies them.

16.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies them.

17.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis denies them.

18.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.

19.      Defendants admit that Plaintiff was enrolled in Harvard College from 2009-2013. Otherwise, denied.

20.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies them.

21.       Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies them.

22.       Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies them.

23.      Admitted in part, denied in part.  Defendants admit Plaintiff spoke as a Harvard Orator on Class Day, May 29, 2013.  To the extent the allegations in paragraph 23 refer to a website, the website speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 23 characterize the language and/or contents of the website, denied.

24.    Defendants state that the website referenced in paragraph 24 speaks for itself and is the best evidence of the information contained therein.  To the extent the a response is required, Defendants admit that the video has over 207,000 views and 1,500 "likes."

25.    Admitted in part, denied in part.  Defendants admit Plaintiff concentrated in economics and had a cumulative grade point average of 3.648 as of the Spring 2013 term.  Defendants further admit Plaintiff was accepted into the Harvard Business School "2 + 2" program.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25, and on that basis denies them.

**A.    In 2012 and 2013 Harvard Faced Severe Internal Pressure from Student Activists to Deny Respondents Basic Fairness in Title IX Proceedings**

26.    The allegations in paragraph 26 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis denies them.

27.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis denies them.

28.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28, and on that basis denies them.

**B.    Amid the Activism, the Harvard Crimson Published a Four-Part Series and Editorial Criticizing the Ad Board Process for Lacking Basic Fairness**

29.    The articles referenced in paragraph 29 speaks for themselves, and no response is required.  To the extent that the allegations in paragraph 29 characterize the language and/or contents of the article, denied.

30.    The article quoted in paragraph 30 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 30 is

reflected in the cited article.  To the extent that the allegations in paragraph 30 characterize the language and/or contents of the article, denied.

31.      The article quoted in paragraph 31 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 31 is reflected in the cited article.  To the extent that the allegations in paragraph 31 characterize the language and/or contents of the article, denied.

32.      The article quoted in paragraph 32 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 32 is reflected in the cited article.  To the extent that the allegations in paragraph 32 characterize the language and/or contents of the article, denied.

33.      The article referenced in paragraph 33 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 33 characterize the language and/or contents of the article, denied.

34.      The article referenced in paragraph 34 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 34 characterize the language and/or contents of the article, denied.

35.      The article quoted in paragraph 35 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 35 characterize the language and/or contents of the article, denied.

**C.      This Court and Harvard's own Faculty have also Criticized Harvard's Handling of Title IX Complaints**

36.      The allegations in paragraph 36 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants further state that the case quoted in paragraph

36 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 36 characterize the language and/or contents of the case, denied.

37.     The article quoted in paragraph 37 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 37 is reflected in the cited article.  To the extent that the allegations in paragraph 37 characterize the language and/or contents of the article, denied.

38.     The article quoted in paragraph 38 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 38 is reflected in the cited article.  To the extent that the allegations in paragraph 38 characterize the language and/or contents of the article, denied.

## II.     Harvard Law Professors Acknowledged that Harvard's Title IX Process was Biased Against Black Men

39.     The allegations in paragraph 39 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 39 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26.  To the extent that the allegations in paragraph 39 characterize the language and/or contents of public comments made by Harvard Law School professors, denied.

40.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 40 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations of bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants further state that the article quoted in paragraph 40 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 40 is reflected in the cited article. To the extent that the allegations in

paragraph 40 characterize the language and/or contents of the article, denied.  Defendants

otherwise deny each and every allegation in paragraph 40.

41.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 41 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n.

26.  Defendants further state that the article quoted in paragraph 41 speaks for itself, and no

response is required.  To the extent a response is required, Defendants admit that the quoted

language in paragraph 41 is reflected in the cited article.  To the extent that the allegations in

paragraph 41 characterize the language and/or contents of the article, denied.  Defendants

otherwise deny each and every allegation in paragraph 41.

42.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 42 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n.

26.  To the extent the allegations in paragraph 42 refer to a website, the website speaks for itself.

To the extent that the allegations in paragraph 42 characterize the language and/or contents of the

website, denied.

III.     **Three Female Friends Filed Title IX Complaints Against Damilare.**

43.     Denied.  The allegations in paragraph 43 contain argument, legal principles, or

conclusions of law, and no response is required.[1]  To the extent a response is required,

Defendants state that the factual findings in the DCRs speak for themselves.  Because the

allegations in paragraph 43 disagree with and diverge from the DCRs, denied.

---

[1] Plaintiff's factual allegations were investigated by a Subcommittee of the Administrative Board of Harvard College.  Its findings are summarized in three separate Disciplinary Case Reports ("DCRs").  Pursuant to Federal Rule of Civil Procedure 8, Defendants do not provide expanded arguments in response to Plaintiff's factual allegations, but refers generally to the findings detailed in the DCRs.

### A.     Ann

44.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

45.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

46.     The allegations in paragraph 46 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state that the factual findings in the DCRs speak for themselves.  Because the allegations in paragraph 46 disagree with and diverge from the DCRs, denied.

47.     The allegations in paragraph 47 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state that the factual findings in the DCRs speak for themselves.  Because the allegations in paragraph 47 disagree with and diverge from the DCRs, denied.

48.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  Because the allegations in paragraph 48 disagree with and diverge from the DCRs, denied.

49.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

50.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

51.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

**B.     Betty**

52.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

53.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

54.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required. To the extent the allegations in paragraph 54 disagree with and diverge from the DCRs, denied.

55.     Denied.  The allegations in paragraph 55 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state that the factual findings in the DCRs speak for themselves.  To the extent the allegations in paragraph 55 disagree with and diverge from the DCRs, denied.

56.     Denied.  The allegations in paragraph 56 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state that the factual findings in the DCRs speak for themselves.  Because the allegations in paragraph 56 disagree with and diverge from the DCRs, denied.

57.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent a response is required, Defendants admit Betty filed a complaint with the Ad Board alleging that Plaintiff sexually assaulted her on more than one

occasion in June of 2012. To the extent the allegations in paragraph 57 disagree with and diverge from the DCRs, denied.

58.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required. To the extent the allegations in paragraph 58 disagree with and diverge from the DCRs, denied.

59.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required. To the extent the allegations in paragraph 59 disagree with and diverge from the DCRs, denied.

      **C.     Cindy**

60.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  Otherwise, denied.

61.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 61 disagree with and diverge from the DCRs, denied.

62.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the allegations in paragraph 62 disagree with and diverge from the DCRs, denied.

63.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the allegations in paragraph 63 disagree with and diverge from the DCRs, denied

64.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the allegations in paragraph 64 disagree with and diverge from the DCRs, denied.

65.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the allegations in paragraph 65 disagree with and diverge from the DCRs, denied.

66.     Denied.  The allegations in paragraph 66 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state that the factual findings in the DCRs speak for themselves.  Because the allegations in paragraph 66 disagree with and diverge from the DCRs, denied.

67.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 67 disagree with and diverge from the DCRs, denied.

68.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 68 disagree with and diverge from the DCRs, denied.

69.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 69 disagree with and diverge from the DCRs, denied.

**D.      Harvard Pressured Ann, Betty, and Cindy to File Title IX Complaints**

70.      Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 70 disagree with and diverge from the DCRs, denied.

71.      Denied.

72.      Defendants admit Cindy did not file a report against Plaintiff on May 9, 2013.  To the extent paragraph 72 otherwise characterizes Cindy's conversation with Rankin, denied.

73.      Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 73 disagree with and diverge from the DCRs, denied.

74.      Denied.

75.      Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that no response is required to the allegations in paragraph 75 because they concern Plaintiff's allegations about certain bias with respect to Dean Ellison, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants further state the allegations in paragraph 75 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants admit Rankin spoke with Cindy on May 10, 2013 but otherwise deny the allegations in paragraph 75.

76.      Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 76 disagree with and diverge from the DCRs, denied.

77.     The allegations in paragraph 77 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

78.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 78 are irrelevant and that no response is required because to the extent the allegations in this paragraph they concern Plaintiff's allegations about bias with respect to Dean Ellison, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26.  To the extent a response is required, denied.

79.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required.  To the extent the factual allegations are consistent with the factual findings in the DCRs, admitted.  To the extent the allegations in paragraph 79 disagree with and diverge from the DCRs, denied.

80.     Admitted in part, denied in part.  Defendants admit that on May 17, 2013 Dean Ellison met with Plaintiff.  To the extent the allegations in paragraph 80 characterize the conversation between Dean Ellison and Plaintiff, denied.

81.     Admitted in part, denied in part.  Defendants admit that on May 17, 2013 Dean Ellison met with Plaintiff.  To the extent the allegations in paragraph 81 characterize the conversation between Dean Ellison and Plaintiff, denied.

82.     Defendants state that the factual findings in the DCRs speak for themselves and that no response is required. To the extent the allegations in paragraph 82 disagree with and diverge from the DCRs, denied.

83.     Admitted.

84.     Admitted.

85.     Denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 85, and on that basis denies them.

86.     Denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86, and on that basis denies them.

87.     Denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87, and on that basis denies them.

88.     Defendants admit that Betty filed a Title IX complaint against Plaintiff on June 4, 2013. Defendants state that the remaining allegations in paragraph 88 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every remaining allegation in paragraph 88.

89.     Denied.  The allegations in paragraph 89 also contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 89.

   **E.     In May 2013, Damilare was in Good Standing at Harvard, and he Fully Participated in his Commencement**

90.     Admitted.

91.     Denied.

92.     The allegations in paragraph 92 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 92.

93.     The allegations in paragraph 93 also contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 93.

**IV.** **In 2012-2013, Harvard Promised Full and Fair Hearings, but Used Procedures so Confusing that They Violated Harvard's Express Contractual Promises of Fairness**

94. Denied. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 94 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendants' procedures lacked basic fairness. *Sonoiki*, 37 F.4th at 716. The allegations in paragraph 94 also contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 94.

95. Denied. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 95 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendants' procedures lacked basic fairness. *Sonoiki*, 37 F.4th at 716. The allegations in paragraph 95 also contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 95.

96. Denied. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 96 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendants' procedures lacked basic fairness. *Sonoiki*, 37 F.4th at 716. The allegations in paragraph 96 also contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 96.

   **A.** **The Handbook Promised Students Full and Fair Hearings Free from Racial Stereotypes**

97. The allegations in paragraph 97 contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent a response is required, Defendants state that

the documents referenced in paragraph 97 speak for themselves.  To the extent that the

allegations in paragraph 97 characterize the language and/or contents of the documents, denied.

98.     Defendants state that the allegations in paragraph 98 contain argument, legal principles,

and/or conclusions of law and thus no response is required.  To the extent a response is required,

Defendants admit that the Handbook made up a part of the contract that controlled the

contractual relationship between Harvard and its undergraduate students.  Defendants deny the

remaining allegations in paragraph 98.

99.     Admitted.

100.    Admitted.

101.    Defendants state that the allegations in paragraph 101 contain argument, legal principles,

and/or conclusions of law and thus no response is required.  Furthermore, the document quoted

in paragraph 101 speaks for itself, and no response is required.  To the extent a response is

required, Defendants admit that the quoted language in paragraph 101 is reflected in the cited

document.  To the extent that the allegations in paragraph 101 characterize the language and/or

contents of the document, denied.

102.    Defendants state that the allegations in paragraph 102 contain argument, legal principles,

and/or conclusions of law and thus no response is required.  Furthermore, the document quoted

in paragraph 102 speaks for itself, and no response is required.  To the extent a response is

required, Defendants admit that the quoted language in paragraph 102 is reflected in the cited

document.  To the extent that the allegations in paragraph 102 characterize the language and/or

contents of the document, denied.

103.    Defendants state that the document quoted in paragraph 103 speaks for itself, and no

response is required.  To the extent a response is required, Defendants admit that the quoted

language in paragraph 103 is reflected in the cited document.  To the extent that the allegations in paragraph 103 characterize the language and/or contents of the document, denied.

104.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 104 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations of bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  To the extent a response is required, Defendants state the document referenced in paragraph 104 speaks for itself.  Defendants admit it is committed to creating an environment free from racial harassment.  To the extent that the allegations in paragraph 104 otherwise characterize the language and/or contents of the referenced document, denied.

105.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 105 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations of bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  To the extent a response is required, Defendants state the document quoted in paragraph 105 speaks for itself.  Defendants admit the that the quoted language in paragraph 105 is reflected in the cited document.  To the extent that the allegations in paragraph 105 characterize the language and/or contents of the document, denied.

> **B.     In its Handbook, Harvard Employed a Vague, Overbroad, and Unfair Sexual Misconduct Policy that Neither Required nor Defined "Consent"**

106.     The allegations in paragraph 106 contain argument, legal principles, or conclusions of law, and no response is required.  Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 106 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants state that

the documents referenced in paragraph 106 speak for themselves.  To the extent that the allegations in paragraph 106 characterize the language and/or contents of the documents, denied.

107.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 107 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.  The allegations in paragraph 107 also contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state the document quoted in paragraph 107 speaks for itself. Defendants admit that the quoted language in paragraph 107 is reflected in the cited document. To the extent that the allegations in paragraph 107 characterize the language and/or contents of the document, denied.

108.    The document quoted in paragraph 108 speaks for itself, and no response is required. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 108 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.  Defendants otherwise deny each and every allegation in paragraph 108.

109.    The document referenced in paragraph 109 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the referenced language in paragraph 109 is reflected in the cited document.  To the extent that the allegations in paragraph 109 characterize the language and/or contents of the document, denied.  Defendants otherwise deny each and every allegation in paragraph 109.  Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 109 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.

110.    The document quoted in paragraph 110 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 110 is reflected in the cited document.  To the extent that the allegations in paragraph 110 characterize the language and/or contents of the document, denied. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 110 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.

111.    The allegations in paragraph 111 contain argument, legal principles, or conclusions of law, and no response is required.  Defendants further state that the document referenced in paragraph 111 speaks for itself.  To the extent that the allegations in paragraph 111 characterize the language and/or contents of the document, denied. Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 111 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.

112.    The allegations in paragraph 112 contain argument, legal principles, or conclusions of law, and no response is required.  Defendants further state that the document referenced in paragraph 112 speaks for itself.  To the extent that the allegations in paragraph 112 characterize the language and/or contents of the document, denied.  Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 112 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or overbroad. *Sonoiki*, 37 F.4th at 708.

113.    The allegations in paragraph 113 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and

every allegation in paragraph 113.  Pursuant to the First Circuit's June 14, 2022 Opinion,

Defendants state that the allegations in paragraph 113 are irrelevant and that no response is

required to the extent they concern Plaintiff's allegations that Defendants' policies were vague or

overbroad. *Sonoiki*, 37 F.4th at 708.

114.    The allegations in paragraph 114 contain argument, legal principles, or conclusions of

law, and no response is required.  Pursuant to the First Circuit's June 14, 2022 Opinion,

Defendants state that the allegations in paragraph 114 are irrelevant and that no response is

required because they concern Plaintiff's allegations Defendants' procedures lacked basic

fairness, which have been dismissed. *Sonoiki*, 37 F.4th at 716.  Defendants otherwise deny each

and every allegation in paragraph 114.

## V.    Harvard's Ad Board Did Not Contain a Black Male Voice

115.    Admitted.

116.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 116 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n.

26.  To the extent a response is required, Defendants admit that the chair of the Ad Board during

the 2012-2013 school year was a Black woman, and that none of the Ad Board's members were

Black men.

117.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 117 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n.

26.  To the extent a response is required, admitted.

118.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 118 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n.

26. To the extent a response is required, Defendants admit that one individual on the 2013-2014

Ad Board was Black.

119.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 119 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n.

26. Defendants further state the allegations in paragraph 119 contain argument, legal principles,

or conclusions of law, and no response is required. To the extent a response is required, denied.

120.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 281 are irrelevant and that no response is required to the extent they

concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n.

26. The allegations in paragraph 120 also contain argument, legal principles, or conclusions of

law, and no response is required. To the extent a response is required, admitted. To the extent a

response is required, Defendants lack sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 120, and on that basis denies them.

**VI.      Harvard's Confusing and Unlawful Disciplinary Procedures Existed Across Ten
         Different Documents and Demonstrate Violation of Harvard's Express Promises of
         Fairness**

121.     Denied.

122.     The document cited in paragraph 122 speaks for itself, and no response is required. To

the extent that the allegations in paragraph 122 characterize the language and/or contents of the

document, denied.

123.     The allegations in paragraph 123 contain argument, legal principles, or conclusions of

law, and no response is required. Furthermore, the documents referenced in paragraph 123 speak

for themselves, and no response is required. To the extent a response is required, Defendants

admit the documents and documents referenced in paragraph 123 were in effect during the 2012–2013 school year.  To the extent that the allegations in paragraph 123 characterize the language and/or contents of the documents, denied.

124.    Admitted.

125.    Denied.  The allegations in paragraph 125 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 125.

126.    Denied.  The allegations in paragraph 126 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 126.

127.    Denied.

128.    The allegations in paragraph 128 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants respond that the form quoted in paragraph 128 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 128 is reflected in the cited form.

129.    The allegations in paragraph 129 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 129.

   A.    **The Ad Board's Jurisdiction was Limited to Current Students and Did Not Permit Harvard to Withhold a Degree from an Uncharged Student**

130.    The allegations in paragraph 130 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 130.

131.    The documents referenced in paragraph 131 speak for themselves, and no response is required.  To the extent a response is required, denied.

132.    Denied. The documents referenced in paragraph 132 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 132 characterize the language and/or contents of the documents, denied.

133.    The language quoted in paragraph 133 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 133 is reflected in the cited document.  Otherwise, denied.

134.    The allegations in paragraph 134 contain argument, legal principles, or conclusions of law, and no response is required.  Furthermore, the document referenced in paragraph 134 speaks for itself, and no response is required.  Defendants otherwise deny each and every allegation in paragraph 134.

135.    The document quoted in paragraph 135 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 135 is reflected in the cited document.  Otherwise, denied.

136.    The document referenced in paragraph 136 speaks for itself, and no response is required. To the extent that the allegations in paragraph 136 characterize the language and/or contents of the document, denied.

137.    The document quoted in paragraph 137 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 137 is reflected in the cited document.

138.    The document referenced in paragraph 138 speaks for itself, and no response is required. To the extent that the allegations in paragraph 138 characterize the language and/or contents of the document, denied.

139.    The document referenced in paragraph 139 speaks for itself, and no response is required. To the extent that a response is required, denied.

140.    The document quoted in paragraph 140 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the quoted language in paragraph 140 is reflected in the cited document. Otherwise, denied.

141.    The form quoted in paragraph 141 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the quoted language in paragraph 141 is reflected in the cited form.

142.    The documents referenced in paragraph 142 speak for themselves, and no response is required. To the extent that the allegations in paragraph 142 characterize the language and/or contents of the document, denied.

143.    The document quoted in paragraph 143 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the quoted language in paragraph 143 is reflected in the cited document.   Otherwise, denied.

144.    The documents referenced in paragraph 144 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 144 characterize the language and/or contents of the documents, denied.

145.    The allegations in paragraph 145 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, denied.

146.    The allegations in paragraph 146 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, denied.

### B.    Under Harvard's Rules, Complaints Were Required to be Timely Submitted

147.    The document quoted in paragraph 147 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 147 is reflected in the cited document.

148.    The document quoted in paragraph 148 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 148 is reflected in the cited document.  To the extent that the allegations in paragraph 148 characterize the language and/or contents of the document, denied.

### C.    Harvard's Process was Deeply Flawed, Denying a Respondent a Trusted Advisor with whom He Shared Confidentiality

149.    Denied.  The allegations in paragraph 149 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent paragraph 149 references documents, the documents speak for themselves, and no response is required.  To the extent a response is required, denied.

#### i.    *Ad Board Regulations*

150.    The document quoted in paragraph 150 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 150 is reflected in the cited document.  To the extent that the allegations in paragraph 150 characterize the language and/or contents of the document, denied. Defendants otherwise deny each and every allegation in paragraph 150.

151.    Defendants state that the document referenced in paragraph 151 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 151 characterize the language and/or contents of the document, denied.

152.    Defendants state that the documents referenced in paragraph 152 speaks for themselves, and no response is required.  To the extent that the allegations in paragraph 152 characterize the language and/or contents of the documents, denied.

153.    Defendants state that the document referenced in paragraph 153 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 153 characterize the language and/or contents of the document, denied.

154.    Denied.  Defendants state that the document referenced in paragraph 154 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 154 characterize the language and/or contents of the document, denied.

155.    The document quoted in paragraph 155 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 155 is reflected in the cited document.  To the extent that the allegations in paragraph 155 characterize the language and/or contents of the document, denied.  Defendants otherwise deny each and every allegation in paragraph 155.

156.    Denied.  Defendants state that the document alluded to in paragraph 156 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 156 characterize the language and/or contents of the document, denied.

        **ii.**     ***Student Information Form***

157.    The form quoted in paragraph 157 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 157 is

reflected in the cited form.  To the extent that the allegations in paragraph 157 characterize the language and/or contents of the document, denied.

158.    The form quoted in paragraph 158 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 158 is reflected in the cited form.  To the extent that the allegations in paragraph 158 characterize the language and/or contents of the form, denied.

159.    The form quoted in paragraph 159 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 159 is reflected in the cited form.  To the extent that the allegations in paragraph 159 characterize the language and/or contents of the document, denied.

160.    The form quoted in paragraph 160 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 160 is reflected in the cited form.  To the extent that the allegations in paragraph 160 characterize the language and/or contents of the form, denied.  Defendants otherwise deny each and every allegation in paragraph 160.

161.    The form quoted in paragraph 161 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 161 is reflected in the cited form.  To the extent that the allegations in paragraph 161 characterize the language and/or contents of the form, denied.

### iii.    *General Information Form*

162.    The allegations in paragraph 162 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

163.     The form quoted in paragraph 163 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 163 is reflected in the cited form.

164.     The form quoted in paragraph 164 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 164 is reflected in the cited form.

165.     The form quoted in paragraph 165 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 165 is reflected in the cited form.  To the extent that the allegations in paragraph 165 characterize the language and/or contents of the form, denied.  Defendants otherwise deny each and every allegation in paragraph 165.

166.     The form quoted in paragraph 166 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 166 is reflected in the cited form.  To the extent that the allegations in paragraph 166 characterize the language and/or contents of the form, denied.  Defendants otherwise deny each and every allegation in paragraph 166.

167.     The form quoted in paragraph 167 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 167 is reflected in the cited form.  To the extent that the allegations in paragraph 167 characterize the language and/or contents of the form, denied.

D.     **In Violation of the 2013 VAWA Amendments, Harvard Denied a Respondent the Ability to Have an Advisor of Choice**

168.     The allegations in paragraph 168 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants admit President Obama signed WAVA Amendments into law on March 7, 2013.

169.     The allegations in paragraph 169 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants state the language cited in paragraph 169 speaks for itself.  Defendants admit that the language quoted in paragraph 169 is reflected in the law.

170.     The allegations in paragraph 170 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

171.     The document referenced in paragraph 171 speaks for itself, and no response is required. To the extent a response is required, denied.

172.     Denied.  The allegations in paragraph 172 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent the allegations in paragraph 172 characterize the document referenced in paragraph 172, denied.

173.     The allegations in paragraph 173 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent response is required, Defendants deny each and every allegation in paragraph 173.

E.     **Harvard's Ad Board Regulations Were Unclear Regarding Voting Procedures**

174.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 174 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, denied.

175.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 175 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, denied.

176.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 176 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants state that the form quoted in paragraph 176 speaks for itself.  Defendants admit that the quoted language in paragraph 176 is reflected in the cited form.  To the extent that the allegations in paragraph 176 characterize the language and/or contents of the form, denied.

177.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 177 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the  "sufficiently persuaded" standard, which have been dismissed. *Sonoiki*, 37 F.4th at 708. To the extent a response is required, denied.

178.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 178 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, denied.

179.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 179 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants state that the form quoted in

paragraph 176 speaks for itself.  Defendants admit that the quoted language in paragraph 179 is reflected in the cited form.  To the extent that the allegations in paragraph 179 characterize the language and/or contents of the form, denied.

180.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 180 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, admitted.

181.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 181 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed.  *Sonoiki*, 37 F.4th at 708.  Defendants further state the allegations in paragraph 181 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

182.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 182 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof, which have been dismissed.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants state the document quoted in paragraph 182 speaks for itself.  Defendants admit that the quoted language in paragraph 182 is reflected in the cited document.  To the extent that the allegations in paragraph 182 characterize the language and/or contents of the form, denied.

183.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 183 are irrelevant and that no response is required because they concern

Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37

F.4th at 708. To the extent a response is required, denied.

184.   Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 184 are irrelevant and that no response is required because they concern

Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37

F.4th at 708. To the extent a response is required, Defendants state the form referenced in

paragraph 184 speaks for itself. To the extent that the allegations in paragraph 184 characterize

the language and/or contents of the form, denied.

185.   Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 185 are irrelevant and that no response is required because they concern

Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37

F.4th at 708. To the extent a response is required, Defendants state the document quoted in

paragraph 185 speaks for itself. Defendants admit that the quoted language in paragraph 185 is

reflected in the cited document. To the extent that the allegations in paragraph 185 characterize

the language and/or contents of the form, denied.

186.   Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 186 are irrelevant and that no response is required because they concern

Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37

F.4th at 708. To the extent a response is required, denied.

187.   Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 187 are irrelevant and that no response is required because they concern

Plaintiff's allegations regarding the standard of proof, which have been dismissed. *Sonoiki*, 37

F.4th at 708. To the extent a response is required, denied.

### F.    The DCR—a Crucial Document that Guided the Entire Process—was Created by the Subcommittee without Sufficient Guidance and Standards

188.    Defendants state that the documents referenced in paragraph 188 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 188 characterize the language and/or contents of the documents, denied.

189.    Defendants state that the documents referenced in paragraph 189 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 189 characterize the language and/or contents of the documents, denied.

190.    Defendants state that the document referenced in paragraph 190 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 190 is reflected in the cited document.  To the extent that the remaining allegations in paragraph 190 characterize the language and/or contents of the documents, denied.

191.    Defendants state that the document referenced in paragraph 191 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 191 characterize the language and/or contents of the document, denied.

192.    The document quoted in paragraph 192 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 192 is reflected in the cited document.  To the extent that the allegations in paragraph 192 characterize the language and/or contents of the document, denied.

193.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 193 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Furthermore, the allegations in paragraph 193 contain argument, legal principles, or conclusions of law.  To the extent a response is required, Defendants state that the language referenced in paragraph 193

speaks for itself.  To the extent allegations in paragraph 193 characterize the language and/or contents of the referenced document, denied.

194.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 194 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Defendants state that the document referenced in paragraph 194 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 194 characterize the language and/or contents of the document, denied.

195.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 195 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Defendants state that the document referenced in paragraph 195 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 195 characterize the language and/or contents of the document, denied.

196.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 196 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Defendants state that the document referenced in paragraph 196 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 196 characterize the language and/or contents of the document, denied.

197.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 197 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Defendants state

that the document referenced in paragraph 197 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 197 characterize the language and/or contents of the document, denied.

198.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 198 are irrelevant and that no response is required because they concern Plaintiff's allegations regarding the standard of proof.  *Sonoiki*, 37 F.4th at 708.  Defendants state that the document referenced in paragraph 198 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 198 characterize the language and/or contents of the document, denied.

### G.    Harvard Prohibited Respondents from Appearing Before the Ad Board

199.    Defendants state that the document referenced in paragraph 199 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 199 characterize the language and/or contents of the document, denied.

200.    The form quoted in paragraph 200 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 200 is reflected in the cited form.  To the extent that the allegations in paragraph 200 characterize the language and/or contents of the form, denied.

201.    The document referenced in paragraph 201 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the document referenced in paragraph 201 stipulates that the Board Representative will not advocate for the student.  To the extent that the allegations in paragraph 201 characterize the language and/or contents of the form, denied.

202.    The document cited in paragraph 202 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 202 characterize the language and/or contents of the document, denied.

203.    The allegations in paragraph 203 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

204.    The allegation in paragraph 204 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny the allegation in paragraph 204.

205.    Defendants state that the documents referenced in paragraph 205 speaks for themselves, and no response is required.  To the extent that the allegations in paragraph 205 characterize the language and/or contents of the documents, denied.

206.    Defendants state that the form referenced in paragraph 206 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 206 characterize the language and/or contents of the document, denied.

207.    The form quoted in paragraph 207 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 207 is reflected in the cited form.  To the extent that the allegations in paragraph 207 characterize the language and/or contents of the document, denied.

208.    Defendants state that the document referenced in paragraph 208 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 208 characterize the language and/or contents of the document, denied.

### H.    Following Creation of the DCR, the Proceedings Were Unduly Complex and Utterly Devoid of Transparency

209.    The documents describing the Ad Board procedures alluded to in paragraph 209 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 209 characterize the language and/or contents of the documents, denied.

210.    The documents describing the Ad Board procedures alluded to in paragraph 210 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 210 characterize the language and/or contents of the documents, denied.

211.    The allegations in paragraph 211 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

212.    The form quoted in paragraph 212 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 212 is reflected in the cited form.  To the extent that the allegations in paragraph 212 characterize the language and/or contents of the form, denied.

213.    Defendants state that the documents referenced in paragraph 213 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 213 characterize the language and/or contents of the documents, denied.

214.    The allegations in paragraph 214 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

215.    Admitted.

216.    The allegations in paragraph 216 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

217.    The document referenced in paragraph 217 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 217 characterize the language and/or contents of the document, denied.

218.    Defendants state that the documents referenced in paragraph 218 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 218 characterize the language and/or contents of the documents, denied.

219.     The document quoted in paragraph 219 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 219 is reflected in the cited document.  To the extent that the allegations in paragraph 219 characterize the language and/or contents of the document, denied.

220.     The form quoted in paragraph 220 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 220 is reflected in the cited form.  To the extent that the allegations in paragraph 220 characterize the language and/or contents of the form, denied.

221.     Admitted.

222.     The document quoted in paragraph 222 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 222 is reflected in the cited document.  To the extent that the allegations in paragraph 222 characterize the language and/or contents of the document, denied.

223.     The documents referenced in paragraph 223 speaks for themselves, and no response is required. To the extent that the allegations in paragraph 223 characterize the language and/or contents of the documents, denied.

224.     Denied.

225.     Defendants state that the documents referenced in paragraph 225 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 225 characterize the language and/or contents of the documents, denied.

226.     Defendants state that the documents referenced in paragraph 226 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 226 characterize the language and/or contents of the documents, denied.

227.    Admitted in part, denied in part.  Defendants admit that the Faculty Council made final decisions regarding undergraduate dismissions.  Otherwise, denied.

>    **I.    Harvard's Appeal Process Was Equally Confusing and Lacked an Avenue to Appeal Dismissal by the Faculty Council**

228.    Defendants state that students can appeal disciplinary case decisions of the Administrative Board to the Faculty Council if the sanction is the requirement to withdraw or probation for more than one term.  *See* Pl.'s Ex. 6.  Defendants admit that the Faculty Council made final decisions regarding undergraduate dismissions.  Otherwise, denied.

229.    The document quoted in paragraph 229 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 229 is reflected in the cited document.  To the extent that the allegations in paragraph 229 characterize the language and/or contents of the document, denied.

230.    Defendants state that the documents referenced in paragraph 230 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 230 characterize the language and/or contents of the documents, denied.

231.    Defendants state that the form referenced in paragraph 231 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 231 characterize the language and/or contents of the form, denied.  Defendants otherwise deny each and every allegation in paragraph 231.

232.    The allegations in paragraph 232 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

233.    The documents quoted in paragraph 233 speak for themselves, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in

paragraph 233 is reflected in the cited document.  To the extent that the allegations in paragraph 233 characterize the language and/or contents of the documents, denied.

234.    The documents quoted in paragraph 234 speak for themselves, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 234 is reflected in the cited document.  To the extent that the allegations in paragraph 234 characterize the language and/or contents of the documents, denied.

235.    The documents referenced in paragraph 235 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 235 characterize the language and/or contents of the documents, denied.

236.    Admitted.

237.    Admitted.

238.    Admitted.

239.    Defendants admit the Ad Board Chair was empowered to respond to the student's statement in writing.  Defendants state that the written statements referenced in paragraph 239 speak for themselves.  To the extent that the allegations in paragraph 239 otherwise characterize the language and/or contents of the referenced documents, denied.

240.    The allegations in paragraph 240 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

241.    The allegations in paragraph 241 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

242.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 242 are irrelevant and that no response is required to the extent they concern his basic fairness claim.  *Sonoiki*, 37 F.4th at 716.  Defendants further state that the

documents referenced in paragraph 242 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 242 characterize the language and/or contents of the documents, denied.

243.    Admitted.

244.    Admitted.

245.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 245 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  Defendants further state that the documents referenced in paragraph 245 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 245 characterize the language and/or contents of the documents, denied.

246.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 246 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, denied.

247.    Admitted.

248.    The document quoted in paragraph 248 speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that the quoted language in paragraph 248 is reflected in the cited document.

249.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 249 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  Defendants further state that the documents referenced in paragraph 249 speak for themselves, and no response is required.  To

the extent that the allegations in paragraph 249 characterize the language and/or contents of the documents, denied.

250.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 250 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  Defendants further state that the documents referenced in paragraph 250 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 250 characterize the language and/or contents of the documents, denied.

251.     The documents referenced in paragraph 251 speak for themselves, and no response is required.  To the extent the allegations in paragraph 251 characterize the language and/or contents of the documents, denied.

252.     The documents referenced in paragraph 252 speak for themselves, and no response is required.  To the extent the allegations in paragraph 252 characterize the language and/or contents of the documents, denied.

253.     The documents referenced in paragraph 253 speak for themselves, and no response is required.  To the extent the allegations in paragraph 253 characterize the language and/or contents of the documents, denied.

254.     Defendants admit that the Faculty Council made final decisions regarding undergraduate dismissions.  Otherwise, denied..

255.     The allegations in paragraph 255 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

256.     Denied.  The allegations in paragraph 256 contain argument, legal principles, or conclusions of law, and no response is required.  Defendants further state that pursuant to the

First Circuit's June 14, 2022 Opinion, the allegations in paragraph 256 are irrelevant and that no response is required because they concern basic fairness. *Sonoiki*, 37 F.4th at 716.  To the extent a response is required, denied.

**VII.    Harvard Subjected Damilare to a Confusing and Convoluted Disciplinary Process**

257.    The allegations in paragraph 257 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

> **A.    Harvard had no Authority to Deny Damilare His Undergraduate Degree on May 30, 2013**

258.    The allegations in paragraph 258 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

259.    The allegations in paragraph 259 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

260.    The allegations in paragraph 260 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants admit Ann and Cindy each filed a Title IX complaint with the Ad Board on May 28, 2013.  Defendants deny each and every remaining allegation in paragraph 260.

261.    Admitted.

262.    Admitted.

263.    Defendants admit Plaintiff walked in Harvard's graduation ceremony.  Defendants deny each and every other allegation in paragraph 263.

264.    Admitted.

265.    The allegations in paragraph 265 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 265.

266.    The allegations in paragraph 266 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 266.

267.    The allegations in paragraph 267 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 267.

268.    The allegations in paragraph 268 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 268.

269.    The allegations in paragraph 269 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 269.

270.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 270, and on that basis denies them.

271.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 271, and on that basis denies them.

272.    The allegations in paragraph 272 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

**B.    Despite Lacking Jurisdiction, Harvard Subjected Damilare to Unfair Proceedings**

273.    Defendants state that the allegations in paragraph 273 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every allegations in paragraph 273.

274.    Defendants state that the allegations in paragraph 274 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 274, and on that basis denies them.

275.    Defendants state that the document referenced in paragraph 275 speaks for itself, and thus no response is required.  Defendants further state that the allegations in paragraph 275 contain argument, legal principles, and/or conclusions of law, and thus no response is required. Otherwise, denied.

276.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendant states that the allegations in paragraph 276 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendant's procedures lacked basic fairness.  *Sonoiki*, 37 F.4th at 716. To the extent a response is required, Defendants admit that the documents alluded to in paragraph 276 required that personal advisors were officers of Harvard University with an appointment in the Faculty of Arts and Sciences.

277.    The allegations in paragraph 277 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 277.

278.    Admitted in part and denied in part.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 278 regarding Plaintiff's beliefs, and on that basis denies them.  Otherwise, admitted.

279.    Defendants admit that Betty filed a Title IX complaint against Plaintiff on June 4, 2013. Defendants state that the remaining allegations in paragraph 279 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is

required, Defendants deny each and every remaining allegation in paragraph 279. Further, Defendants respond that pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 279 are irrelevant and that no response is required to the extent they concern allegations of "pressure" on the complainants, which were dismissed. *Sonoiki*, 37 F.4th at 713 n.28.

280.    The document referenced in paragraph 280 speaks for itself, and no response is required. Defendants otherwise deny each and every allegation in paragraph 280.

> ### C.    Harvard Subjected Damilare to Unfair Proceedings that Were Almost Exclusively White and Inherently Tainted with Bias

281.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 281 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26. The allegations in paragraph 281 also contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, admitted.

282.    The allegations in paragraph 282 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, denied.

283.    The allegations in paragraph 283 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 283.

284.    Admitted.

285.    Admitted.

286.    Admitted.

287.    Admitted.

288.    Defendants admit Betty and Cindy each chose Lauren Brandt as their Board Representative.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 288, and on that basis denies them.

289.    Admitted.

290.    Admitted.

291.    The allegations in paragraph 291 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

292.     The allegations in paragraph 292 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

### D.    The Subcommittee Conducted Contaminated Interviews with the Complainants and the Ad Board Charged Damilare

293.    Defendants admit that it began interviews in Ann's case and in Cindy's case on June 17, 2013.  Otherwise, denied.

294.    Denied.

295.    Admitted.

296.    Denied.

297.    Admitted.

298.    Admitted.

299.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 299 are irrelevant and that no response is required because they concern Plaintiff's allegations that Defendants deprived him of basic fairness throughout the adjudicatory process.  *Sonoiki*, 37 F.4th at 716.  Defendants further state that the documents referenced in paragraph 299 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 299 characterize the language and/or contents of the documents, denied.

300.    Defendants state that the form referenced in paragraph 300 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 300 characterize the language and/or contents of the document, denied.

301.    Admitted.

302.    Denied.

303.    The allegations in paragraph 303 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 303.

304.    Admitted.

305.    Admitted.

306.    The document referenced in paragraph 306 speaks for itself, and no response is required. To the extent a response is required, Defendants admit that the document referenced in paragraph 306 stipulates that students were not permitted to appear at the Ad Board meeting. To the extent that the allegations in paragraph 306 characterize the language and/or contents of the form, denied.

307.    Denied.

308.    Denied.

309.    Denied.

       **E.      Harvard Refused to Reveal the Identity of Adverse Witnesses to Damilare**

310.    Denied.

311.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 311, and on that basis denies them.

312.    Admitted.

313.    To the extent the allegations in paragraph 313 allude to information in the DCRs, the documents speak for themselves. To the extent the allegations characterize the language, denied.

314.    To the extent the allegations in paragraph 314 allude to information in the DCRs, the documents speak for themselves. To the extent the allegations characterize the language, denied.

315.    Defendants admit that Plaintiff reviewed and was aware of the identity of the witnesses. Otherwise, denied.

316.    Denied.

317.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 317 are irrelevant and that no response is required because they concern Plaintiff's allegations that Defendants deprived him of basic fairness throughout the adjudicatory process. *Sonoiki*, 37 F.4th at 716. Defendants further state that the documents referenced in paragraph 317 speak for themselves, and no response is required. To the extent that the allegations in paragraph 317 characterize the language and/or contents of the documents, denied.

318.    The allegations in paragraph 318 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 318.

319.    Denied. The allegations in paragraph 319 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, denied.

320.    The allegations in paragraph 320 contain argument, legal principles, or conclusions of law, and no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 320.

321.    Admitted.

322.    Denied.

323.    Defendants state that the documents alluded to in paragraph 323 speak for themselves, and no response is required.  To the extent a response is required, Defendants admit that the documents alluded to did not allow respondents to attend the interviews referenced in Paragraph 323.  To the extent that the allegations in paragraph 323 otherwise characterize the language and/or contents of the documents, denied.

324.    Defendants state that the documents alluded to in paragraph 324 speak for themselves, and no response is required.  To the extent a response is required, Defendants admit that the documents alluded to do not require respondents to be informed about when interviews will take place.  To the extent that the allegations in paragraph 324 otherwise characterize the language and/or contents of the documents, denied.

325.    Denied.

326.    Denied.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 328, and on that basis denies them.

### F.    The Subcommittee Issued Recommendations that Damilare Violated School Policy in Three Separately Issued DCRs

327.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendant states that the allegations in paragraph 327 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendant's procedures lacked basic fairness.  *Sonoiki*, 37 F.4th at 716. To the extent a response is required, Defendants admit Plaintiff was provided with the Subcommittee's findings and conclusions regarding each of the three complaints against him.

328.    The allegations in paragraph 328 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 328.

329.     Defendants admit that Plaintiff submitted responses to the DCRs on November 18, 2013.
The remaining allegations in paragraph 329 contain argument, legal principles, or conclusions of
law, and no response is required. To the extent a response is required, denied.

330.     Denied.

331.     Defendants admit that in Cindy's case and in Ann's case, the Subcommittee
recommended "that the Board require [Plaintiff] to withdraw for four terms for sexual
misconduct and also recommend[ed] that the Board vote to recommend to the Faculty Council
that [Plaintiff] be dismissed from Harvard College because of sexual misconduct."   Defendants
further admit that in Betty's case, the Subcommittee recommended "that the Board vote to
require [Plaintiff] to withdraw for four terms for sexual misconduct and further recommend[ed]
that the Board vote to recommend to the Faculty Council that [Plaintiff] be permanently
dismissed from Harvard College because of sexual misconduct." To the extent that the
allegations in paragraph 331 characterize the language and/or contents of the DCRs, denied.

332.     The allegations in paragraph 332 contain argument, legal principles, or conclusions of
law, and no response is required.  To the extent a response is required, Defendants deny each and
every allegation in paragraph 332.

333.     The allegations in paragraph 333 contain argument, legal principles, or conclusions of
law, and no response is required.  To the extent a response is required, Defendants deny each and
every allegation in paragraph 333.

334.     To the extent the allegations in paragraph 334 refer to the DCR, the document speaks for
itself and is the best evidence of the language contained therein.  To the extent that the
allegations in paragraph 334 characterize the language and/or contents of the DCR, denied.
Furthermore, the allegations in paragraph 334 contain argument, legal principles, or conclusions

of law, and no response is required.  To the extent a response is required, Defendants deny each

and every allegation in paragraph 334.

335.    To the extent the allegations in paragraph 335 refer to the DCR, the document speaks for

itself and is the best evidence of the language contained therein.  To the extent that the

allegations in paragraph 335 characterize the language and/or contents of the DCR, denied.

Furthermore, the allegations in paragraph 335 contain argument, legal principles, or conclusions

of law, and no response is required.  To the extent a response is required, Defendants deny each

and every allegation in paragraph 335.

336.    Defendants admit that Plaintiff submitted responses to the three DCRs on Monday,

November 18, 2013.  Defendants lack sufficient knowledge or information to form a belief as to

the truth of the remainder of the allegations contained in paragraph 336, and on that basis denies

them.

**G.    The Ad Board Rubber-Stamped the Subcommittee's Recommendation**

337.    Defendants admit that on November 19, 2013, the Ad Board met and voted to require

Plaintiff to withdraw from Harvard College for four terms for a violation of the rules of the

Faculty governing sexual misconduct.  Additionally, the Board recommended to the Faculty

Council that Plaintiff be dismissed from Harvard College.  To the extent the allegations in

Paragraph 337 characterize the Ad Board's meeting and decision, denied. Otherwise, denied.

338.    Admitted in part, denied in part.  The document alluded to in paragraph 338 speaks for

itself, and no response is required.  To the extent a response is required, Defendants admit that

students were not permitted to attend Ad Board meetings.  To the extent that the allegations in

paragraph 338 characterize the language and/or contents of the document, denied.

339.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the

allegations in paragraph 339 are irrelevant and that no response is required because they concern

Plaintiff's allegations that Defendants deprived him of basic fairness throughout the adjudicatory process. *Sonoiki*, 37 F.4th at 716.  Defendants further state that the documents referenced in paragraph 339 speak for themselves, and no response is required. To the extent that the allegations in paragraph 339 characterize the language and/or contents of the document, denied.

340.     Defendants admit Johnson attended the Ad Board meeting as Plaintiff's Board Representative.  Defendants state that the documents referenced in paragraph 340 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 340 characterize the language and/or contents of the documents, denied.  Defendants deny each and every other allegation in paragraph 340.

341.     Defendants state that the documents alluded to in paragraph 341 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 341 characterize the language and/or contents of the documents, denied.  Defendants deny each and every other allegation in paragraph 341.

342.     Defendants state that the documents alluded to in paragraph 342 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 342 characterize the language and/or contents of the documents, denied.

343.     The allegations in paragraph 343 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 343.

344.     Defendants state that the documents referenced in paragraph 344 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 344 characterize the language and/or contents of the documents, denied.

345.     Denied.

346.    Defendants admit members of the Subcommittee were permitted to vote at the Ad Board meeting.  Otherwise, denied.

347.    The allegations in paragraph 347 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 347.

348.    The allegations in paragraph 348 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 348.

349.    To the extent the allegations in paragraph 349 characterize the Subcommittee's recommendations, denied.

350.    Denied.

351.    Denied.

352.    The allegations in paragraph 352 contain argument, legal principles, or conclusions of law, and no response is required.   Defendants further state that the outcome letters referenced to in paragraph 352 speak for themselves, and no response is required.  To the extent that the allegations in paragraph 352 characterize the language and/or contents of the letters, denied. Defendants otherwise deny each and every allegation in paragraph 352.

353.    Defendants state that the outcome letter referenced to in paragraph 353 speaks for itself, and no response is required.  To the extent that the allegations in paragraph 353 characterize the language and/or contents of the letters, denied.

354.    The allegations in paragraph 354 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 354.

H.     **Damilare Appealed the Ad Board's Decisions and in an Opaque Process, the Faculty Council Dismissed Damilare from Harvard**

355.    Admitted.

356.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 356 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendants' procedures lacked basic fairness. *Sonoiki*, 37 F.4th at 716.  To the extent a response is required, Defendants admit that Plaintiff appealed the Ad Board's decision.  Defendants state that Plaintiff's appeal speaks for itself.  To the extent the allegations in paragraph 356 characterize Plaintiff's appeal, denied.

357.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 357 are irrelevant and that no response is required because they concern Plaintiff's allegations Defendants' procedures lacked basic fairness. *Sonoiki*, 37 F.4th at 716.  To the extent a response is required, Defendants admit that Plaintiff appealed the Ad Board's decision.  Defendants state that Plaintiff's appeal speaks for itself.  To the extent the allegations in paragraph 357 characterize Plaintiff's appeal, denied.

358.    Defendants state that Dean Khurana's response to Plaintiff's appeal speaks for itself, and no response is required.  To the extent a response is required, Defendants admit that Dean Khurana submitted his response to Plaintiff's appeal on September 26, 2014.  To the extent the allegations in paragraph 358 characterize Dean Khurana's response, denied.

359.    Denied.  The allegations in paragraph 359 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 359.

360.    Defendants admit that Plaintiff submitted a final statement on October 6, 2014.

361.    Admitted.

362.     Denied.

363.     Denied.

364.     Admitted.

365.     The allegations in paragraph 365 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 365.

366.     Admitted.

367.     Denied.

368.     The allegations in paragraph 368 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 368.

369.     Defendants state that the documents alluded to in paragraph 369 speak for themselves, and no response is required.  Otherwise, denied.

370.     Denied.

371.     The allegations in paragraph 371 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 371.

**<u>COUNT ONE</u>**
**<u>BREACH OF CONTRACT</u>**

372.     Defendants restate their responses to paragraphs 1-371 above as fully set forth herein.

373.     The allegations in paragraph 373 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 373.

374.     Admitted.

375.    The allegations in paragraph 375 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 375.

376.    The allegations in paragraph 376 contain argument, legal principles, or conclusions of law, and no response is required, denied.

377.    The allegations in paragraph 377 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied

378.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 378 are irrelevant and that no response is required because they concern Plaintiff's allegations that Defendants deprived him of fundamental fairness throughout the adjudicatory process.  *Sonoiki*, 37 F.4th at 716.  Defendants further respond that the allegations in paragraph 378 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

379.    The allegations in paragraph 379 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, denied.

  **A.    Failure to Have Jurisdiction to Force Damilare to Withdraw and to Dismiss Him**

380.    The allegations in paragraph 380 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 380.

381.     The allegations in paragraph 381 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 381.

382.     The allegations in paragraph 382 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 382.

383.     The allegations in paragraph 383 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 383.

384.     Denied.

385.     Denied.

386.     Admitted in part, denied in part.  Defendants admit Plaintiff spoke as a Harvard Orator on Class Day, May 29, 2013.  To the extent the allegations in paragraph 386 refer to a website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 386 characterize the language and/or contents of the website, denied.  To the extent the allegations in paragraph 386 reference Plaintiff's personal beliefs, Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies them.

387.     The allegations in paragraph 387 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 387.

388.     The allegations in paragraph 388 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 388.

**B.      Failure to Issue Findings Under an Intelligible Standard of Review or With Basic Definitions**

389.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 389 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 389.

390.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 390 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 390.

391.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 391 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 391.

392.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 392 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 392.

393.     Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 393 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 393.

394.      Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 394 are irrelevant and that no response is required to the extent they

concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 394.

395.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 395 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 395.

396.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 396 are irrelevant and that no response is required to the extent they concern the standard of review.  *Sonoiki*, 37 F.4th at 708.  To the extent a response is required, Defendants deny each and every allegation in paragraph 396.

> **C.    The Subcommittee's Impermissible Issuance of Credibility Determinations**

397.     The allegations in paragraph 397 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 397.

398.    The allegations in paragraph 398 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 398.

399.    The allegations in paragraph 399 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 399.

400.    The allegations in paragraph 400 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 400.

401.    The allegations in paragraph 401 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 401.

> **D.     Failure to Provide Fundamental Fairness**

402.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 402 are irrelevant and that no response is required because they concern: (i) Plaintiff's allegations Defendants' procedures lacked fairness, and; (ii) Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26, 716.  To the extent a response is required, Defendants deny each and every allegation in paragraph 402.

403.    Pursuant to the First Circuit's June 14, 2022 Opinion, Defendants state that the allegations in paragraph 403 are irrelevant and that no response is required because they concern: (i) Plaintiff's allegations Defendants' procedures lacked fairness, and; (ii) Plaintiff's allegations of bias, which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26, 716.  Defendants further state that the allegations in paragraph 403 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 403.

> **E.     Failure to Provide Right to an Effective Appeal**

404.    The allegations in paragraph 404 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 404.

405.    The allegations in paragraph 405 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 405.

406.    The allegations in paragraph 406 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 406.

407.    The allegations in paragraph 407 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 407.

F.      **Failure to Rule Upon Timely Complaints or Issue Rulings in a Timely Manner**

408.    The allegations in paragraph 408 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 408.

409.    The allegations in paragraph 409 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 409.

410.    The allegations in paragraph 410 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 410.

411.    The allegations in paragraph 411 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 411.

412.    The allegations in paragraph 412 contain argument, legal principles, or conclusions of law, and no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 412.

### G.      Administrative Bias Demonstrated by Dean Ellison Permeated the Proceedings

413.     Denied.  The allegations in paragraph 413 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants additionally state that, pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 413 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations regarding bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants otherwise deny each and every allegation in paragraph 413.

414.     Denied.  The allegations in paragraph 414 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants additionally state that, pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 414 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations regarding bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants otherwise deny each and every allegation in paragraph 414.

415.     Denied.  The allegations in paragraph 415 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants additionally state that, pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 415 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations regarding bias, which have been dismissed.  *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants otherwise deny each and every allegation in paragraph 415.

416.     Denied.  The allegations in paragraph 416 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendants additionally state that, pursuant to the First Circuit's June 14, 2022 Opinion, the allegations in paragraph 416 are irrelevant and that no response is required to the extent they concern Plaintiff's allegations regarding bias,

which have been dismissed. *Sonoiki*, 37 F.4th at 713 n. 26.  Defendants otherwise deny each and every allegation in paragraph 416.

417.    The allegations in paragraph 417 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 417.

## AFFIRMATIVE DEFENSES

While specifically denying any liability to Plaintiff and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The Amended Complaint, and each and every count alleged therein, fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff has sustained no damages.

### Third Affirmative Defense

If Plaintiff has been damaged, it is by reason of the acts or omissions of Plaintiff or some third party, not by reason of anything Defendants did or failed to do.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Sixth Affirmative Defense

Defendants acted at all times reasonably and in good faith toward Plaintiff.

## Seventh Affirmative Defense

Defendants acted at all times reasonably and in good faith toward Plaintiff.

## Eighth Defense

If Plaintiff has been damaged, it was not foreseeable by Defendant.

## Ninth Defense

Plaintiff's alleged damages are speculative.

## Additional Affirmative Defense

Plaintiff's Amended Complaint is vague and set forth in conclusory terms and as such, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants reserve the right to amend their answer to add such other further defenses and/or counterclaims as become available and apparent during the course of discovery in this action.

WHEREFORE, Defendants respectfully request that this Court grant judgment in its favor dismissing Plaintiff's Amended Complaint with prejudice, along with such other and further relief as is just.

## JURY DEMAND

Defendants request a trial by jury on all issues so triable.

Dated: August 25, 2022                    Respectfully submitted,

*/s/ Anton Metlitsky*

Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Apalla U. Chopra (*pro hac vice*)
achopra@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407

Victoria L. Steinberg, BBO #666482
vsteinberg@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:  (617) 624-4714
Facsimile:  (617) 624-4814

*Attorneys for Defendants,*
*Harvard University, Harvard University*
*Board of Overseers, and the President and*
*Fellows of Harvard College*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2022

_/s/   Anton Metlitsky_
Anton  Metlitsky