UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAMILARE SONOIKI,
                     Plaintiff,
          v.

HARVARD UNIVERSITY, HARVARD
UNIVERSITY BOARD OF OVERSEERS,
and THE PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,
                     Defendants.

Civil Action No. 1:19-cv-12172

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS AND THIRD PARTY SARAH RANKIN TO QUASH THE THIRD PARTY DEPOSITION SUBPOENA ISSUED TO SARAH RANKIN AND FOR A PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c), Defendants Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College ("Harvard")[1], together with third party Sarah Rankin, respectfully request that this Court issue an Order quashing the deposition subpoena issued to Ms. Rankin by Plaintiff. Ms. Rankin is not relevant to any of Plaintiff's remaining allegations in this matter and Plaintiff only seeks to depose her out of apparent personal hostility. In addition, during the time frame relevant to the claims in this case, Ms. Rankin was a rape crisis counselor and the director of Harvard's Office of Sexual Assault Prevention and Response ("OSAPR"). In that capacity, she engaged in conversations that are privileged under Massachusetts law—a privilege that cannot be waived other than by the victim. Accordingly, and for the reasons explained below, Ms. Rankin should not be called to testify, and the subpoena issued to her should be quashed.

---

[1] The Amended Complaint incorrectly identifies the Harvard entities as "Harvard University, Harvard University Board of Overseers, and the [sic] President and Fellows of Harvard College." President and Fellows of Harvard College is the legal entity for Harvard and is the only proper party to this litigation.

1

## BACKGROUND

Two different women filed complaints shortly before Plaintiff's 2013 Harvard College graduation ceremony, alleging that Plaintiff engaged in non-consensual sexual intercourse with them. Several days later, a third complainant alleged that Plaintiff engaged in non-consensual sex with her several times while she and Plaintiff were roommates.  Harvard followed its applicable policies and procedures and investigated the complaints.  The Harvard Administrative Board ultimately concluded that Plaintiff had committed the sexual misconduct alleged, required him to withdraw from Harvard College, and recommended to the College Faculty Council that he be dismissed.  Plaintiff appealed to the Faculty Council, those appeals were denied, and the Faculty Council concluded that Plaintiff should be dismissed from Harvard.

Plaintiff has sued Harvard, alleging that Harvard owes him damages because Harvard purportedly violated its procedures for adjudicating sexual misconduct complaints.  Specifically, Plaintiff initially asserted claims against Harvard for breach of contract, violation of Plaintiff's right to basic fairness; violation of the covenant of good faith and fair dealing; and estoppel and reliance.  Dkt. No. 1 (Complaint).  On June 22, 2020, this Court (Casper, J.) granted Harvard's motion to dismiss Plaintiff's Complaint in its entirety.  Dkt. No. 41.  As to the breach of contract claim, the Court explained that Plaintiff "[did] not indicate any provision of the contract documents that were violated by Rankin" and concluded he had not alleged any contract violation based on Rankin's role as the director of OSAPR.  *Sonoiki v. Harvard Univ.*, 2020 WL 3416516, at *11 (D. Mass. June 22, 2020).  On appeal, Sonoiki did not raise any arguments that Rankin breached a contract, instead focusing his breach of contract claim on other Harvard administrators.  On June 14, 2022, the First Circuit affirmed the dismissal of the basic fairness, good faith and fair dealing, and estoppel and reliance claims.  The First Circuit also affirmed the

dismissal of many of the theories Plaintiff advanced in support of his breach of contract claim. It did not disturb the District Court's finding that Plaintiff had not alleged a breach of contract based on Rankin's role as the director of OSAPR.

The First Circuit reversed and remanded as to several of Plaintiff's breach of contract theories. *Sonoiki v. Harvard Univ.*, 37 F.4th 691, 717 (1st Cir. 2022). Plaintiff's only remaining breach of contract theories are: (i) Harvard was not authorized under its policies to withhold his degree at graduation because it had not yet issued a "charge" relating to the allegations of sexual misconduct (the "Charge Theory"); (ii) Plaintiff's Board Representative, Laura Johnson, failed to advocate on his behalf despite an alleged responsibility to do so under Harvard's published procedures (the "Advocate Theory"); (iii) that Johnson breached a duty of confidentiality that she allegedly had under Harvard's published procedures (the "Confidentiality Theory"); (iv) that Johnson failed to provide Plaintiff with the names of witness against him in violation of her alleged obligations under Harvard's procedures (the "Witness Names Theory"); and (v) that the Secretary of the Administrative Board, Jay Ellison, failed to include Plaintiff's Board Representative in his meeting about the first two complaints or to meet with Plaintiff about the third complaint in alleged violation of Harvard's procedures (the "Meeting Theory") (together, the "Remaining Claims"). *Sonoiki*, 37 F.4th at 706, 711–13 (1st Cir. 2022); *see also* Am. Compl. ¶ 4.

None of the Remaining Claims involve Ms. Rankin or OSAPR. During the course of the Administrative Board proceedings against Plaintiff, Ms. Rankin served as a witness for two Harvard student complainants and served as a personal advisor to all three complainants who had made sexual assault allegations against Plaintiff. *See* Am. Compl. ¶¶ 286-87. In addition, in her role as a rape crisis counselor and director of OSAPR at Harvard, she engaged in confidential

and privileged communications with the complainants related to Plaintiff's conduct.  The parties

met and conferred on November 2, 2022 about Rankin's deposition.  On November 14, 2022,

Plaintiff indicated he would not withdraw his request, and he served a subpoena on November

17, 2022 for a January 4, 2023 deposition.

## <u>LEGAL STANDARD</u>

Fed. R. Civ. Proc. 45(d)(3) permits this Court to quash a subpoena where the subpoena

presents an undue burden on a third party.  Additionally, a protective order is permitted where

there is good cause "to protect a party or person from annoyance, embarrassment, oppression or

undue burden or expense."  Fed. R. Civ. Proc. 26(c).  "A subpoena issued to a non-party

pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement.  While

relevance is generously construed, '[a] party . . . from whom discovery is sought may move for a

protective order . . . [and] [t]he court may, for good cause, issue an order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense."  *E.E.O.C. v.

Texas Roadhouse*, Inc., 303 F.R.D. 1, 2 (D. Mass. 2014), quoting Fed. R. Civ. P. 26(c).

In order to determine whether to quash a third-party subpoena, "[t]he Court . . . engages

in a balancing test, weighing the defendants' need for this information, the availability of other

means of obtaining it, and burden placed on the claimants by the subpoenas."  *E.E.O.C.*, 303

F.R.D at 2.; *see Gill v. Gulfstream Park Racing Association, Inc*., 399 F.3d 391, 400 (1st

Cir.2005).  In addition, because the Federal Rules of Civil Procedure specifically protect third

parties from undue burden, "[t]he scope of discovery . . . differs significantly between parties and

nonparties."  *Town of Grafton v. Pulte Homes of New England, LLC*, No. CIV.A. 12-10524-

TSH, 2013 WL 5948000, at *2 (D. Mass. Nov. 4, 2013).  This means that subpoenas issued to

third parties may be subject to a "high relevancy standard." *Demers v. LaMontagne*, No. CIV.

A. 98-10762-REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999).

Although, "[a]s a general rule, 'a party lacks standing to quash a subpoena issued to

a nonparty," a party is entitled to so move where "the party has a claim of privilege attached to

the information sought" or where "it implicates a party's privacy interests." *Patrick Collins, Inc.*

*v. Does 1-38*, 941 F. Supp. 2d 153, 159–60 (D. Mass. 2013).  A showing of personal right or

privilege "need not be weighty" and is met where a party can "show some personal right or

privilege in the information sought." *Green v. Cosby*, 2017 WL 1377593, at *2 (D. Mass. 2017).

## ARGUMENT

### A.      Ms. Rankin's testimony is not relevant to Plaintiff's Remaining Claims.

Ms. Rankin was involved in Plaintiff's Administrative Board proceedings in limited ways

that are not relevant to the Remaining Claims: as a witness for two Harvard student

complainants; as a personal adviser[2] to all three complainants, *see* Am. Compl. ¶¶ 286-87; and

generally as a rape crisis counselor and director of OSAPR at Harvard.  She is no longer

employed by Harvard.  Although the Amended Complaint is peppered with references to Ms.

Rankin in these roles, she is mostly mentioned in his Amended Complaint because of Plaintiff's

apparent theory that Ms. Rankin "encouraged" complainants to file their rape complaints against

Plaintiff.  *See, e.g.,* Am. Compl. ¶¶ 258, 260, 279.  Even though the Court dismissed any claim

that Rankin breached a contract, Plaintiff continues to express hostility toward Ms. Rankin.  For

example, over the last five years, Plaintiff has contacted two of the complainants at least five

times to bring up allegations about Ms. Rankin, and he has also emailed Ms. Rankin at her

current employer.

---

[2] The 2013 procedures provided that complainants and respondents could select a personal adviser to accompany them throughout the process.  *See* Am. Compl. Ex. 3 a 2-3.

While Plaintiff clearly has negative feelings toward Ms. Rankin, she is not relevant to any of his Remaining Claims.  Under the policies and procedures that Plaintiff attached to the Amended Complaint, Ms. Rankin and OSAPR had no involvement regarding the timing of a "charge" that forms the basis of his "Charge Theory."  Nor does Plaintiff's Amended Complaint contain any allegations that Ms. Rankin was involved in the timing of withholding his degree. The Advocate Theory, the Confidentiality Theory, and the Witness Name Theory only involve allegations about Plaintiff's Board Representative, Laura Johnson.  And the Meeting Theory only involves allegations about the Secretary of the Administrative Board, Jay Ellison.  When Harvard raised these points with Plaintiff during a meet and confer on November 17, 2022, Plaintiff said that Ms. Rankin was relevant to the "Charge Theory" but could not articulate any reason why.  That is because there is none.  Harvard and Ms. Rankin are left to conclude that Plaintiff only seeks to depose Ms. Rankin to annoy her and cause her to incur expense and other burdens.

For these reasons, the subpoena issued to Ms. Rankin fails to meet the "high relevancy standard"—or indeed of any relevancy standard—to which a third-party subpoena is subject. *Demers v. LaMontagne*, No. CIV. A. 98-10762-REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999).  Requiring Ms. Rankin to testify will cause her to incur expense and will require her to divert time and effort toward preparing for her deposition and attending the deposition itself.  In short, it will pose an undue burden on Ms. Rankin that is inconsistent with the contours of Federal Rule of Civil Procedure 45.

**B.   Communications made in confidence between Ms. Rankin the Complainants are privileged.**

In addition, as this Court weighs Plaintiff's purported need for Ms. Rankin's testimony against the burdens posed by requiring her to testify, it must consider that requiring Ms. Rankin

6

to testify poses a particular burden because it risks impinging on the privileged nature of her communications with complainants.

During the time period at issue in this case, Ms. Rankin served as the director of OSAPR and also as a rape crisis counselor through OSAPR.  In this role, she was a "sexual assault counsellor" as that term is defined under Massachusetts law.  G.L. c. 233, § 20J.   She spoke to victims concerning Plaintiff's actions while working at OSAPR.  *See* Am. Compl. ¶¶ 49, 68, 70.

As Plaintiff's Amended Complaint only states a breach of contract, Massachusetts state law governs any privilege claim in this action.  Fed. R. Ev. 501.  Massachusetts law protects communications between victims and rape crisis counselors.  *See* G.L. c. 233 § 20J; Mass. G. Evid. § 506.  The law provides that confidential communications between a rape crisis counselor and a victim "shall not be subject to discovery and shall be inadmissible in any criminal or civil proceeding without the prior written consent of the victim to whom the report, record, working paper or memorandum relates."  G.L. c. 233 § 20J; *see* Mass. G. Evid. § 506 (b) (same)*.  Under the statute, "absent an affirmative waiver from the victim, communications covered by that section are privileged."  *Commonwealth v. Oliveira*, 438 Mass. 325, 331 n.7 (2002).  "Section 20J does not suggest that the victim need do anything to 'exercise' the privilege contained therein, or to 'refuse' to disclose the communications, or to 'prevent' the counsellor from disclosing the communications."  *Id.*  Rather, the privilege is "self-executing."  *Id.*[3]

If Ms. Rankin is required to testify in this matter, she will necessarily be obligated to protect all privileged information that she obtained in the course of her OSAPR role.  This

---

[3] There is a parallel privilege recognized by this jurisdiction under Federal law.  *Cf. United States v. Lowe*, 948 F. Supp. 97, 99 (D. Mass. 1996) (under federal law, the "Court agrees that a client of a rape counselling center holds…a federal privilege for communications with a rape crisis counsellor…").

means, as a practical matter, that she will need to separate out—as to every single question asked of her at a deposition—any privileged material from any non-privileged information in her possession relative to the Administrative Board proceedings.  This significantly increases the burden on her of testifying.  It also risks, unnecessarily, the inadvertent disclosure of privileged information.

Harvard has joined this motion, in part, because it has a strong interest in protecting the privileged communications of its students.  *Patrick Collins*, 941 F. Supp. 2d at 159–60 (D. Mass. 2013).  Harvard must maintain the privacy of information communicated from its students to counselors at OSAPR and other confidential resources.[4]  Those students bring forward their concerns and experiences with the understanding that their communications and disclosures will be held in the strictest confidence.  The First Circuit has recently underscored the need to protect the confidentiality of information related to Title IX proceedings where, "compelling disclosure…'may discourage victims from reporting sexual misconduct in the first instance.'" *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 76 (1st Cir. 2022), citing *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016).

So, too, here.  Harvard provides confidential resources to victims of rape and assault, and information held by Ms. Rankin in confidence may not be disclosed except through a waiver by the victim who provided that information to her.  Ms. Rankin should not be required to testify at a deposition where much of the information known to her is strictly privileged.

---

[4] As OSAPR's website explained at the time, OSAPR provided: "confidential support, information and resource referrals to survivors of sexual violence…[They] are trained to listen and help, confidentially."  Harvard University, Office of Sexual Assault Prevention and Response (Apr. 15, 2013), http://www.osapr.harvard.edu/icb/icb.do [https://web.archive.org/web/20130415191447/http://www.osapr.harvard.edu/icb/icb.do].

## **CONCLUSION**

For the foregoing reasons, Harvard and Ms. Rankin respectfully request that the Court quash the deposition subpoena issued to Ms. Rankin and issue a protective order prohibiting Plaintiff from further seeking information protected by the sexual assault counsellor privilege or any other privilege attaching to the communications of sexual assault or rape victims.


Dated: November 22, 2022                          Respectfully submitted,


*/s/  Victoria l. Steinberg* _____
Victoria L. Steinberg, BBO # 666482
Tara D. Dunn, BBO # 699329
TODD & WELD LLP
One Federal Street
Boston, MA  02110
(617) 624-4714
vsteinberg@toddweld.com
tdunn@toddweld.com


Anton Metlitsky (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
(212) 326-2000
ametlitsky@omm.com


Apalla U. Chopra (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000
achopra@omm.com


*Attorneys for Defendants*
*Harvard University, Harvard Board of*
*Overseers, and President and Fellows of*
*Harvard College*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on November 22,

2022.

<u>/s/ Victoria *L. Steinberg*</u>
Victoria Steinberg