UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>           Plaintiff,<br><br>   v.<br><br><br>HARVARD UNIVERSITY, et al.,<br><br>           Defendants. | Civil Action No. 1:19-cv-12172-LTS |

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS AND THIRD PARTY SARAH RANKIN TO QUASH THE THIRD PARTY DEPOSITION SUBPOENA ISSUED TO SARAH RANKIN AND FOR A PROTECTIVE ORDER**

Now comes Plaintiff Damilare Sonoiki, ("Plaintiff" or "Damilare") by and through counsel, and submits his opposition to Third-Party Sarah Rankin ("Ms. Rankin") and Defendants Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College's ("Harvard" or "Defendants") Motion to Quash the Third Party Deposition Subpoena Issued to Sarah Rankin and for a Protective Order (the "Motion"). A true and correct copy of the relevant subpoena and proof of service is attached as **Exhibit 1** hereto. Ms. Rankin's deposition testimony is relevant, discoverable, and will cause no undue burden, embarrassment, oppression, or expense. For these and all of the reasons set forth in the Memorandum in Support of the Opposition, Plaintiff respectfully requests that the Motion be denied, and that Ms. Rankin's deposition proceed on January 4, 2023.

Respectfully Submitted,

        **KOHRMAN JACKSON & KRANTZ LLP**

        */s/*    *Anna E. Bullock*
        SUSAN C. STONE (*pro hac vice*)
        KRISTINA W. SUPLER (*pro hac vice*)
        ANNA E. BULLOCK (*pro hac vice*)
        1375 East Ninth Street, 29th Floor
        Cleveland, Ohio 44114-1793
        Telephone: (216) 696-8700
        Facsimile: (216) 621-6536
        Email: scs@kjk.com; kws@kjk.com

        **NESENOFF & MILTENBERG, LLP**

        TARA J. DAVIS (BBO # 675346)
        101 Federal Street, 19th Floor
        Boston, Massachusetts 02110
        Telephone: (617) 209-2188
        Facsimile: (212) 736-2260
        Email: Tdavis@nmllplaw.com
        *Counsel for Plaintiff Damilare Sonoiki*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

DAMILARE SONOIKI,

          Plaintiff,

v.

HARVARD UNIVERSITY, et al.,

          Defendants.

Civil Action No. 1:19-cv-12172-LTS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANTS AND THIRD PARTY SARAH RANKIN TO QUASH THE THIRD PARTY DEPOSITION SUBPOENA ISSUED TO SARAH RANKIN AND FOR A PROTECTIVE ORDER**

**I.    Ms. Rankin's Deposition Testimony is Relevant to Plaintiff's Claims.**

Fed. R. Civ. P. 26(b)(1) specifies that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff alleges Ms. Rankin had a role in causing the initial charges to be issued against Plaintiff by acting in conjunction with Dr. Ellison to solicit and encourage the complainants to come forward and to formally initiate the disciplinary process that eventually deprived Plaintiff of his Harvard undergraduate degree.

Defendants claim that Plaintiff will be unable to maintain a separate breach of contract claim based in Ms. Rankin's alleged failure to adhere to any contractually-specified duties. This claim is inappropriate at this phase of discovery and is nothing but a distraction. Regardless of whether or not Ms. Rankin's conduct is eventually found by the factfinder to form the basis or part of the basis of Plaintiff's breach of contract claim, this distinction is irrelevant where Plaintiff

1

merely seeks discovery regarding information and context that only Ms. Rankin may provide about how these processes were initiated and the timing of key steps which remain central to his case.

Defendants' claims that Ms. Rankin had "no involvement regarding the timing of a 'charge' that forms the basis of [Plaintiff's] 'Charge Theory'" may very well bear out in a deposition, but a sworn deposition is the proper place for the necessary information to be brought forth, not in the argument to a motion that is drafted by counsel. Ms. Rankin's testimony regarding her role as an administrator and support person in a conduct process is, at a minimum, both discoverable and relevant to the case. This is precisely what was communicated to Defendants' counsel in the discovery conference of counsel that took place on November 2, 2022, prior to the submission of their motion.

## II.   Ms. Rankin's Remote Deposition Will Cause No Undue Burden or Expense.

Defendants fail to specifically allege or explain why Ms. Rankin's remote deposition, or any preparation, which would not require her to incur any travel or related expenses, would present an undue burden pursuant to Fed. R. Civ. P. 45(d)(3). Defendants further fail to specify how a deposition would subject Ms. Rankin to "annoyance, embarrassment, oppression, or undue burden or expense" and thus be a proper subject for a court-issued protective order under Fed. R. Civ. P. 26(c). *E.E.O.C. v. Texas Roadhouse, Inc.,* 303 F.R.D. 1, 2 (D. Mass. 2014, quoting Fed. R. Civ. P. 26(c).

Defendants assert a "high relevancy standard" to which a third-party subpoena is subject, citing *Demers v. Lamontagne*, CIVIL ACTION NO. 98-10762-REK, 1999 U.S. Dist. LEXIS 17500, at *4 (D. Mass. May 5, 1999)  (where motion to quash a subpoena issued to a third-party was denied because the requested information was determined to be relevant to the underlying

case, and it was not overly burdensome for the third party to collect the information). However, Defendants and Ms. Rankin failed to appropriately address the portion of *Demers* that stands for the proposition that the "party moving to quash a subpoena in a civil trial bears the burden of persuasion" in moving to quash a subpoena. *Id*.  Defendants have failed to carry their burden of persuasion by failing to offer any evidence that Ms. Rankin would be subject to an "undue" burden other than the typical burdens involved in attending any ordinary deposition. In fact, because the deposition is to be held remotely, there are even fewer burdens associated with her attendance.

### III.     The Rape Crisis Counselor Privilege Does Not Apply.

Ms. Rankin's and Defendants' invocation of the Massachusetts rape crisis counselor privilege is inapposite for at least three reasons: 1) Ann, Betty, and Cindy knowingly and voluntarily waived any potential privilege, to the extent any such privilege existed, by agreeing to proceed in Harvard's disciplinary process against Damilare; 2) neither Ms. Rankin nor Defendants are the holders of the privilege and lack independent standing to invoke it;  and 3) Ms. Rankin did not serve primarily as a confidential counselor where she was engaged as an administrator, a witness, and a support person in non-legal disciplinary processes that were brought against Plaintiff as a Harvard student.

#### A. Ann, Betty, and Cindy Waived the Privilege to the Extent they Participated in a Non-Legal Disciplinary Process at Against Plaintiff.

Ann, Betty, and Cindy are the sole holders of the sexual assault counselor privilege, if any privilege applied to their communications to Ms. Rankin. Ann, Betty, and Cindy each communicated to Ms. Rankin and the Ad Board regarding the details of their allegations of sexual misconduct against Plaintiff. Defendants do not and cannot claim that all members of the Ad Board and Harvard's administrative processes fell within the scope of the rape crisis counselor privilege.

Any claimed privilege, if it existed, was voluntarily waived by Ann, Betty, and Cindy in their sharing of the relevant communications with non-counselor third-parties.

### B. Neither Ms. Rankin nor Defendants Have Independent Standing to Invoke the Privilege.

In a case cited by Defendants and Ms. Rankin in their Motion, the Massachusetts District Court held that a rape crisis center lacked independent standing to assert a privilege waived by a client of the center. *United States v. Lowe*, 948 F. Supp. 97, 101 (D. Mass. 1996) (where "the client waives her privilege, as in this case, the [c]enter's standing argument is without merit"). In a similar manner, Defendants and Ms. Rankin each lack independent standing to invoke a rape crisis counselor privilege on behalf of alleged clients who have already waived such a privilege by participation in a non-legal administrative disciplinary process.

### C. Ms. Rankin Did Not Serve as a Counselor to Ann, Betty, and Cindy, but Rather an Advisor and Administrator.

Ms. Rankin's primary role was not to provide confidential counseling services or crisis intervention services to Ann, Betty, and Cindy, but rather to act as their personal advisors and witness during disciplinary proceedings. Ms. Rankin also served a role as an administrator of Harvard University while involved in the student conduct process against Plaintiff.

Even if, for the sake of argument, if Ms. Rankin indeed maintained the privilege of any confidential, counseling-specific communications with Ann, Betty, and Cindy, she was presumably able to parse out those privileged communications and avoid sharing them with the Ad Board or other administrators. She would remain able to do the same during a deposition.

### IV.     Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that the Motion be denied, and that Ms. Rankin's deposition proceed on January 4, 2022.

        Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/*     *Anna E. Bullock*
SUSAN C. STONE (*pro hac vice*)
KRISTINA W. SUPLER (*pro hac vice*)
ANNA E. BULLOCK (*pro hac vice*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com
*Counsel for Plaintiff Damilare Sonoiki*

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing it through this Court's CM/ECF filing system this November 30, 2022.

>  /s/      Anna E. Bullock
>  ANNA E. BULLOCK (*pro hac vice*)