UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, et al.,<br><br>Defendants. | Civil Action No. 1:19-cv-12172-LTS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO COMPLY WITH HIS INITIAL DISCLOSURE OBLIGATIONS**

**INTRODUCTION**

Pursuant to Rule 7.1(b)(1) and 37.1(b) of the Local Rules of this Court, Defendants Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College (together, "Harvard")[1] hereby submit this Memorandum of Law in support of their Motion to Compel Plaintiff to Comply with his Initial Disclosure Obligations (the "Motion").

As explained more fully below, Plaintiff Damilare Sonoiki has failed to make the Initial Disclosures required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and Local Rule 26.2(A). Specifically, despite numerous requests, Plaintiff has refused to provide Harvard with a "computation of each category of damages" he is claiming in this case. Access to this information in advance of Plaintiff's January 11, 2023 deposition is of critical importance to Harvard and is required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Harvard is entitled to probe exactly

---

[1] The Amended Complaint incorrectly identifies the Harvard entities as "Harvard University, Harvard University Board of Overseers, and the [sic] President and Fellows of Harvard College." President and Fellows of Harvard College is the legal entity for Harvard and is the only proper party to this litigation.

1

how Plaintiff has calculated the two and a half million dollars he claims to have suffered *at a minimum* from Harvard's alleged breach of contract.  Accordingly, Harvard respectfully requests that this Court compel Plaintiff to supplement his initial disclosures with an itemized list of claimed damages in compliance with Rule 26 on or before December 30, 2022.

## **PLAINTIFF'S CLAIMS AND BACKGROUND**

Two different women filed complaints shortly before Plaintiff's 2013 Harvard College graduation ceremony, alleging that Plaintiff engaged in non-consensual sexual intercourse with them.  Several days later, a third complainant alleged that Plaintiff engaged in non-consensual sex with her several times while she and Plaintiff were roommates.  Harvard followed its applicable policies and procedures and investigated the complaints.  Harvard's Administrative Board ultimately concluded that Plaintiff had committed the sexual misconduct alleged, required him to withdraw from Harvard College, and recommended to the College Faculty Council that he be dismissed.  Plaintiff appealed to the Faculty Council, those appeals were denied, and the Faculty Council concluded that Plaintiff should be dismissed from Harvard.

Five years later – during which time Plaintiff was convicted of insider trading – Plaintiff filed this lawsuit, alleging that Harvard owes him damages because Harvard purportedly violated its procedures for adjudicating sexual misconduct complaints.  Specifically, Plaintiff alleged claims for (i) breach of contract, (ii) violation of Plaintiff's right to basic fairness; (iii) violation of the covenant of good faith and fair dealing; and (iv) estoppel and reliance.  Dkt. No. 1 (Complaint).  On June 22, 2020, the Court (Casper, J.) granted Harvard's motion to dismiss all Plaintiff's claims.  Dkt. No. 41.  On June 14, 2022, the First Circuit affirmed the dismissal of the basic fairness, good faith and fair dealing, and estoppel and reliance claims.  The First Circuit also affirmed the dismissal of many of the theories Plaintiff advanced in support of his breach of

contract claim. However, the First Circuit reversed and remanded as to five of Plaintiff's breach of contract theories. *Sonoiki v. Harvard Univ.*, 37 F.4th 691, 717 (1st Cir. 2022).

Plaintiff filed an Amended Complaint on August 11, 2022. *See* Dkt. No. 63. Harvard denies all of the allegations in the remaining claims and will demonstrate that it was well within its rights under applicable policies to withhold Plaintiff's degree and that its policies were adhered to in all respects.

## RELEVANT PROCEDURAL HISTORY

The parties exchanged initial disclosures on August 31, 2022. Plaintiff's initial disclosures state the following with respect to damages:

> Damilare is seeking damages in an amount to be determined at trial, for damages to his physical well-being, emotional and psychological damages, damage to reputation, past and future economic losses, lost educational and professional opportunities, loss of career prospects, and other direct and consequential damages, plus prejudgment interest, and other direct and consequential damages caused by Defendants' actions.
>
> These damages are in the amount of *at least $2,500,000* outlined as follows:
>
> - Two years of Harvard Tuition $153,526;
>
> - Tuition for a Harvard MBA (Damilare was accepted to the 2+2 Program) $220,320;
>
> - Loss of a two-year contracted position with ▓▓▓▓▓▓▓▓▓▓▓▓▓[2] for $150,000 base salary (equivalent to $188,208.12 in 2022) in addition to $100,000-$200,000 in annual bonuses, plus benefits;
>
> - Loss of business expectation interests and opportunities foreclosed by withholding of Harvard undergraduate and graduate degrees;
>
> - Long-term diminished earning potential;

---

[2] Although Plaintiff did not indicate in his initial disclosures that the name of this employer is confidential, Harvard is redacting that information out of an abundance of caution for the limited purposes of this Motion.

3

- Reputational cost of wrongful dismissal;

- Expenses incurred during Damilare's wrongful dismissal; and

- Emotional damage and suffering as a result of Defendants' wrongful actions.

*See* Declaration of Victoria Steinberg ("Steinberg Decl.") Ex. 1 (emphasis added).

Using Plaintiff's overstated figures listed above,[3] the sum of the highest possible dollar amounts (*i.e.*, two years of the ███████████ salary at the 2022 estimation, as well as two years of a $200,000 bonus), is $1,150,262.24. Plaintiff has not provided a breakdown of or otherwise explained the $1,349,737.76 difference between the itemized and already excessive categories of damages and the $2,500,000 "minimum" total damages amount he is claiming.

On November 1, 2022, Harvard sent a letter to Plaintiff's counsel enclosing Harvard's Amended Initial Disclosures and adding Plaintiff's deficient damage disclosure to the agenda of an upcoming Rule 7.1 conference among counsel. *See* Steinberg Decl. ¶ 4. During the November 2, 2022 conference, counsel for the Plaintiff confirmed that Plaintiff would supplement his damages disclosure. *See id.* ¶ 5. In response to correspondence from Harvard regarding delinquencies in other aspects of Plaintiff's discovery, counsel for Plaintiff stated that it "plan[ned] to send the supplemental responses to [Harvard] by Wednesday, November 23, 2022." *See id.* ¶ 6 & Ex. 3.

On November 23, 2022, Plaintiff's counsel supplemented certain of its discovery responses, but not its damages disclosure. *See id.* ¶ 7 & Ex. 3. In follow-up correspondence on November 29, 2022, Harvard asked when it would receive Plaintiff's updated damages calculations. *See id.* Counsel for Plaintiff responded, in pertinent part, as follows:

---

[3] Of course, Harvard is in no way suggesting that the damages Plaintiff *has* itemized are reasonable. To the contrary, Harvard submits and will demonstrate that they are grossly inflated and that he is not entitled to damages in any event.

4

>I confirmed that Plaintiff would update his initial disclosures in accordance with his obligations under the Federal Rules of Civil Procedure and the Local Rules of the Court.  Plaintiff has outlined an estimate of the damages he seeks in his initial disclosures.  Plaintiff anticipates engaging a damages expert to further support his claim for damages and will supplement his disclosures in accordance with the litigation schedule at that time.

*See id.*  To date, Plaintiff has not supplemented his damages calculations further.

With agreement on the date from Plaintiff's counsel, Harvard has noticed Plaintiff's deposition for January 11, 2023.  *See id.* ¶ 8 & Ex. 4.

## ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure "requires parties to make a reasonable estimate of their damages so the opposing party may 'prepare for trial or make an informed decision about settlement.'"  *W.N. Motors, Inc. v. Nissan N.A., Inc.*, No. 21-CV-11266-ADB, 2022 WL 1568443, at *3 (D. Mass. May 18, 2022) (quoting Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993)) (Burroughs, J.).  In particular, Rule 26(a)(1)(A)(iii) requires that "a party *must, without awaiting a discovery request*, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added).  Rule 26.2(A) of the Local Rules of this Court similarly requires that "a party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1) before that party may initiate discovery.  D. Mass. Local Rule 26.2(A).

In interpreting Rule 26, this Court has specifically held that "[t]he language of the Rule calls for more than a listing of the category of damages – it requires the [p]laintiff to place a numerical value on each category of damages.'"  *Ayanna v. Dechert*, 2011 U.S. Dist. LEXIS

5

121470, at *2 (D. Mass. Oct. 20, 2011) (Sorokin, J.); *see Nissan*, 2022 WL 1568443, at *4.  As this Court has explained, "[t]he purposes behind this requirement are clear and include providing a measure that all concerned – Plaintiff, Defendant, and Court – may look to, in part, in evaluating the scope or seriousness of the claims."  *Ayanna*, 2011 U.S. Dist. LEXIS 121470, at *2.

In this case, Plaintiff has failed to explain what comprises more than half his claimed damages.  And despite counsel for Plaintiff initially confirming that it would supplement Plaintiff's damages calculation, counsel for Plaintiff has now suggested that it would only "update [Plaintiff's] initial disclosures in accordance with [its view of] his obligations" under the Federal Rules and this Court's Local Rules and would "supplement" those disclosures following expert discovery.  *See* Steinberg Decl. ¶ 7 & Ex. 3.  Of course, the Federal Rules of Civil Procedure mandate that Plaintiff provide a "computation of *each category of damages*" in his initial disclosures, Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added), not just a computation of *some* of the claimed categories.  *See Ayanna*, 2011 U.S. Dist. LEXIS 121470, at *2; *see also E-Risk Sols., Inc. v. W. Point Ins. Servs.*, No. 19-CV-11247-ADB, 2019 WL 13105152, at *2 (D. Mass. Sept. 11, 2019) (Burroughs, J.) (granting a motion to compel initial disclosures because the plaintiff provided several documents and a spreadsheet of overdue invoices instead of "'a computation of each category of damages claimed by the disclosing party'"); *Excel Fortress Ltd. v. Wilhelm*, No. 17-cv-04297, 2019 WL 2503684, at *3 (D. Ariz. June 17, 2019) (plaintiff's initial damages disclosure was insufficient where it "simply identified, in broad strokes, some of the categories of damages they intended to pursue at trial without attempting to compute those damages or assign even a rough dollar-figure estimate to them"); *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823, 2019 WL 5294942, at *2 (M.D. Fla. Apr. 15, 2019) (finding

that "lump sum figure, which is not allocated between claims" falls "far short of a 'computation' as required by Rule 26(a)").

Courts in this District require plaintiffs to "provide *at least as much*" information "to fairly put [the defendant] on notice of the damages alleged against it, and to ensure the effective administration of discovery." *See Nissan*, 2022 WL 1568443, at *5 (citation omitted) (emphasis added). Here, as set forth above, Plaintiff has assigned dollar values to categories of damages amounting to less than half of the full amount claimed, already grossly overstating what he could be awarded on even his best day in court. Nowhere has he provided a computation of what he believes he is owed for any of the following opaque damages categories, which nevertheless inexplicably comprise more than half the monetary harm he claims to have suffered: "loss of business expectation interests and opportunities;" "long-term diminished earning potential;" "reputational cost of wrongful dismissal;" "expenses incurred during [his] wrongful dismissal;" and "emotional damage and suffering." *See* Steinberg Decl., Ex. 1. Nor has Plaintiff disclosed any methodology or documents that might explain how any such damages computation as to the outstanding categories might be reached. Accordingly, Harvard cannot adequately prepare for Plaintiff's upcoming deposition nor inquire about the full scope of Plaintiff's alleged damages (or the basis therefor) at that deposition. As a result, Harvard is necessarily also hamstrung in its ability to mount a defense against Plaintiff's remaining claims.

Moreover, courts "generally have rejected" Plaintiff's argument that he is somehow "excused" from providing "a more detailed theory, or numerical sum, of damages because [he] cannot do so without expert analysis." *See Nissan*, 2022 WL 1568443, at *5. Indeed, a Court in this District has explained that "'[w]hile the precise method of calculation need not be disclosed if it is properly the subject of future expert testimony, this does not relieve the plaintiff from

7

providing reasonably available information concerning its damages computation." *Id.* (quoting *Allstate Ins. Co. v. Nassiri*, No. 08-cv-369, 2010 WL 5248111, at *4 (D. Nev. Dec. 16, 2010)).[4] Accordingly, even if Plaintiff's non-itemized damages categories were properly the subject of expert testimony (and they are not), Plaintiff still must "compute [his] losses *as precisely as possible*" in his initial disclosures. *Nissan*, 2022 WL 1568443, at *5 (quoting *Clark v. Berkshire Med. Ctr., Inc.*, No. 17-cv-30186, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019)) (emphasis added). Plaintiff's duty to supplement that computation at a later date in no way absolves him of the obligation to comply with Rule 26 at this juncture. *See id.*; *Ayanna*, 2011 U.S. Dist. LEXIS 121470, at *2.

In sum, courts, including this one, routinely grant motions compelling plaintiffs to provide the detail regarding their supposed damages that is mandated by Rule 26. *See Ayanna*, 2011 U.S. Dist. LEXIS 121470, at *2; *see also Nissan*, 2022 WL 1568443, at *4; *E-Risk Sols., Inc.*, 2019 WL 13105152, at *2. This Court should do so here, prior to Plaintiff's deposition, so that Harvard may defend itself and conduct Plaintiff's deposition with the information he is required to have provided in his initial disclosures nearly four months ago.

## CONCLUSION

For the foregoing reasons, Harvard respectfully requests that this Court grant the Motion and enter an Order compelling Plaintiff to supplement his damages computation in accordance with Rule 26(a)(1)(A)(iii) to itemize and compute all categories of his claimed damages and to

---

[4] *See also Shelton v. Sha Ent, LLC*, No. 20-cv-644, 2021 WL 1407968, at *2 (W.D. Okla. Apr. 14, 2021); *N.J. Physicians United Reciprocal Exch. v. Med. Protective Co.*, No. 13-cv-2286, 2017 WL 3623801, at *7 (D.N.J. Aug. 23, 2017); *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 15-cv-01300, 2016 WL 3452734, at *2 (D.S.C. June 24, 2016); *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-cv-6811, 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013); *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569–70 (C.D. Cal. 2009).

provide any documents or other evidentiary material on which such computation is based, on or before December 30, 2022.

Dated:  December 8, 2022                           Respectfully submitted,

                                                   */s/ Victoria L. Steinberg*
                                                   Victoria L. Steinberg (BBO #666482)
                                                   vsteinberg@toddweld.com
                                                   TODD & WELD LLP
                                                   One Federal Street
                                                   Boston, MA 02110
                                                   Telephone: (617) 624-4714
                                                   Facsimile: (617) 624-4814

                                                   Anton Metlitsky (*pro hac vice*)
                                                   ametlitsky@omm.com
                                                   O'MELVENY & MYERS LLP
                                                   7 Times Square
                                                   New York, NY 10036
                                                   Telephone:    (212) 326-2000
                                                   Facsimile:    (212) 326-2061

                                                   Apalla U. Chopra (*pro hac vice*)
                                                   O'MELVENY & MYERS LLP
                                                   400 South Hope Street
                                                   Los Angeles, CA 90071
                                                   Telephone:    (213) 430-6000
                                                   Facsimile:    (213) 430-6407

                                                   *Attorneys for Defendants,*
                                                   *Harvard University, Harvard University*
                                                   *Board of Overseers, and the President and*
                                                   *Fellows of Harvard College*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 8, 2022.

                                            */s/ Victoria L. Steinberg*
                                            Victoria L. Steinberg