UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>HARVARD UNIVERSITY, et al.,<br><br>　　　　　Defendants. | Civil Action No. 1:19-cv-12172-LTS |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' DECEMBER 8, 2022 MOTION TO COMPEL

Now comes Plaintiff Damilare Sonoiki, ("Plaintiff" or "Damilare") by and through counsel, and submits, pursuant to Local Rule 7.1(b)(2), his opposition to Defendants Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College's ("Harvard" or "Defendants") Motion to Compel filed December 8, 2022, ECF No. 90, (the "Motion"). For all of the reasons set forth in the accompanying Memorandum in Support, Plaintiff respectfully requests that the Motion be denied.

　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　**KOHRMAN JACKSON & KRANTZ LLP**

　　　　　　　　　　　　　　　　　　　*/s/　　Anna E. Bullock*
　　　　　　　　　　　　　　　　　　　SUSAN C. STONE (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　KRISTINA W. SUPLER (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　ANNA E. BULLOCK (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　1375 East Ninth Street, 29th Floor
　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44114-1793
　　　　　　　　　　　　　　　　　　　Telephone: (216) 696-8700
　　　　　　　　　　　　　　　　　　　Facsimile: (216) 621-6536
　　　　　　　　　　　　　　　　　　　Email: scs@kjk.com; kws@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com
*Counsel for Plaintiff Damilare Sonoiki*

ii

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

DAMILARE SONOIKI,

        Plaintiff,

v.

HARVARD UNIVERSITY, et al.,

        Defendants.

Civil Action No. 1:19-cv-12172-LTS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' DECEMBER 8, 2022 MOTION TO COMPEL**

In Plaintiff's initial disclosures, he has outlined the present estimate of the dollar amount and categories of his damages that are related to his sole remaining breach of contract claim.[1] Plaintiff believes that his prior disclosure is sufficient for Defendants to understand the bases and amount of his damages claim, including itemized amounts for those damages that are readily apparent, and a remaining estimate of the categories and amounts of damages for those amounts that will require expert testimony to fully itemize and prove. Plaintiff plans to engage an expert witness to opine upon the value of his lost business expectancies as well as lost educational and other opportunities that have resulted from his lack of a Harvard degree.

While, pursuant to Rule 26, a defendant is entitled to an ongoing estimate of the categories and monetary amount of damages a plaintiff claims, "there may sometimes be nuances in a loss

---

[1] Plaintiff notes that this is the second motion to compel filed by Defendants in a case involving a single breach of contract claim. It appears that Defendants' strategy in this litigation is to overwhelm Plaintiff with briefing and legal fees, knowing that their economic resources as a well-funded institution run much deeper than Plaintiff's resources as an individual.

1

theory that would entail expert testimony[.]" *AMAG Pharmaceuticals, Inc. v. Am. Guar. & Liab. Ins. Co.*, D. Mass. Civil Action No. 21-CV-10618-LTS, 2022 U.S. Dist. LEXIS 206838, at *23-24 (Nov. 15, 2022). These are precisely the circumstances in which Plaintiff finds himself. Plaintiff seeks monetary damages for Defendants' breach of contract and the related harms he has suffered because Defendants have wrongfully withheld his Harvard degree in violation of their contractual obligations.

Plaintiff's claimed damages include the immediate loss of a lucrative employment opportunity, and the loss of admission and scholarships to attend a prestigious Harvard graduate business program. Throughout his professional life, Plaintiff's lack of a Harvard degree has also caused the loss of business expectancies, damage to Plaintiff's reputation, and other, related harms. To the extent that Plaintiff's damages are not yet fully itemized, Plaintiff has nonetheless "place[d] a numerical value" upon such damages as related to his sole remaining claim. *Ayanna v. Dechert, LLP,* 2011 U.S. Dist. LEXIS 121470 at *2 (D. Mass. Oct. 20, 2011) citing *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). A plaintiff may initially "sketch the parameters of the damages [claimed] and supplement when he receives…further information." *Ayanna*, 2011 U.S. Dist. LEXIS 121470, at *3. Rule 26(a)(1)(E) requires that "[a] party must make its initial disclosures based on the information then reasonably available to it[,]" which the Plaintiff has done at this stage of the litigation. Further, Rule 26 "does not set a particularly high bar for compliance[.]" *Lennar Ne. Properties, Inc. v. Barton Partners Architects Planners Inc.,* No. 16-cv-12330, 2021 U.S. Dist. LEXIS 46657, 2021 WL 927520, at *3 (D. Mass. Mar. 11, 2021), citing, e.g., *Fidelity and Deposit Co. of Md. v. Riess Family, LLC*, No. 16-cv-00270, 2018 U.S. Dist. LEXIS 241514, 2018 WL 11238907, at *1 (N.D. Okla. Apr. 27, 2018) (noting that party had complied with Rule 26(a)(1)(iii) when it had provided a broad overview of

damages and stated that documents would be available). Here, Plaintiff has met the relatively low bar of compliance with Rule 26. Further, Plaintiff's initial disclosures contrast with those cases in which motions to compel supplemental disclosures were granted.

Defendants begin the argument to their Motion with a quote from *W.N. Motors, Inc., v. Nissan N.A., Inc.*, which identifies as a purpose of Rule 26 to permit "the opposing party [to] 'prepare for trial or make an informed decision about settlement.'" No. 21-CV-11266-ADB, 2022 WL 1568443, at *3 (D. Mass. May 18, 2022), citing Fed. R. Civ. P. 26(a), Advisory Comm. Notes (1993). In their Motion, Defendants assert that they will be able to prove that Plaintiff is "not entitled to damages in any event[,]" and thus have not outlined nor demonstrated how any alleged deficiency within Plaintiff's initial disclosures has served to alter or undermine their administration of discovery nor any decision regarding settlement in this case. *See* Motion to Compel, ECF No. 90, p. 4, at FN 3.[2]

Certainly, where no numerical value is assigned to a claim whatsoever, a plaintiff has failed to comply with Rule 26 obligations. *See, e.g., Susilo v. Wells Fargo Bank, N.A.,* No. 11-cv-1814, 2012 U.S. Dist. LEXIS 195329, 2012 WL 12894745, at *1 (C.D. Cal. Nov. 26, 2012)(Rule 26 obligations were not met where the plaintiff did not identify any damages figure); *Excel Fortress Ltd. v. Willhelm*, No. 17-cv-04297, 2019 U.S. Dist. LEXIS 100993, 2019 WL 2503684, at *3 (plaintiff's initial damages disclosures were insufficient where they merely "identified, in broad strokes, some of the categories of damages" pursued, with no dollar-figure estimate); *Williams v. Boulevard Lines, Inc.,* No. 10-cv-2924, 2013 U.S. Dist. Lexis 149707, 2013 WL 5652589, at *4

---

[2] Although Defendants dispute that Plaintiff is "entitled" to damages, it is clear that Defendant has suffered monetary, tangible, and intangible damages due Defendants' decision not to award him a Harvard degree. For this and other reasons, Plaintiff anticipates moving for the bifurcation of liability and damages findings in the dispositive motions phase of the litigation.

(S.D.N.Y. Sept. 30, 2013)(disclosures insufficient where plaintiff offered no dollar figures whatsoever); *E-Risk Sols., Inc. v. W. Point Ins. Servs,* No. 19-CV-11247-ADB, 2019 WL 13105152, at *2 (D. Mass. Sept. 11, 2019)(plaintiff ordered to supplement disclosures where plaintiff did not offer any categories nor any numerical estimation). These facts do not exist in this case. Plaintiff has assigned both a numerical estimate and categories to his disclosure of damages.

Defendants also cite a case out of the District of Arizona for the proposition that plaintiffs "identify[ing]…some of the categories of damages they intended to pursue at trial without attempting to…assign even a rough dollar-figure estimate to them" is insufficient. *Excel Fortress Ltd. v. Willhelm*, No. 17-cv-04297, 2019 WL 2503684, at *3 (D. Ariz. June 17, 2019). Here, Plaintiff *has* provided the rough dollar-figure estimate of the amount of his damages that is appropriate at this phase of discovery, as well as the categories of damages he claims.  Defendants also cite a case out of the Middle District of Florida, which held a "lump sum figure, which is not allocated between *claims*" (emphasis supplied) falls "short of a 'computation' as required by Rule 26(a)." *Pro Video Instruments, LLC v. Thor Fiber*, *Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2019 U.S. Dist. LEXIS 183908, at *5 (M.D. Fla. Apr. 15, 2019) Here, Defendant has one remaining claim. His claimed damage calculation encompasses, with a numerical value, the categories and amount of damages he anticipates proving based on this claim.

I. **Conclusion**

Plaintiff believes his disclosures are appropriate at this juncture of discovery and maintains that an expert witness report will be utilized to provide a more precise breakdown of the value of Plaintiff's lost opportunities.  For all of the foregoing reasons, Plaintiff respectfully requests that the Motion be denied.

4

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/*      Anna E. Bullock
SUSAN C. STONE (*pro hac vice*)
KRISTINA W. SUPLER (*pro hac vice*)
ANNA E. BULLOCK (*pro hac vice*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com
*Counsel for Plaintiff Damilare Sonoiki*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing it through this Court's CM/ECF filing system this December 16, 2022.

>  /s/     *Anna E. Bullock*
>  ANNA E. BULLOCK (*pro hac vice*)