UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>            Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, HARVARD<br>UNIVERSITY BOARD OF OVERSEERS,<br>and THE PRESIDENT AND FELLOWS<br>OF HARVARD COLLEGE,<br><br>            Defendants. | Civil No. 19-12172-LTS |

ORDER ON MOTION TO QUASH
THE THIRD PARTY DEPOSITION SUBPOENA ISSUED TO
SARAH RANKIN AND FOR A PROTECTIVE ORDER (DOC. NO. 81)

December 20, 2022

SOROKIN, J.

The Motion to Quash the Third Party Deposition Subpoena Issued to Sarah Rankin and

for a Protective Order (Doc. No. 81) is ALLOWED as described herein. Rule 26 provides for

relevant discovery when that discovery is "proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." Fed. R. Civ. P. 26(b)(1). Because Rankin is neither a party nor a present

employee of a party, though she was formerly employed by Harvard, the considerations of

burden on the witness are enhanced as compared to party depositions. See Demers v.

LaMontagne, No. CIV. A. 98-10762-REK, 1999 WL 1627978, at *2–3 (D. Mass. May 5, 1999)

(explaining the "heightened standard applicable to a non-party"). Here, Rankin had no direct involvement in any of the remaining theories advanced by Plaintiff in support of the single pending breach of contract count. The alleged breaches concerned the conduct of others. Some, perhaps much, of her communications with the three complaining students is encompassed by the sexual assault privilege established in Massachusetts law, Mass. Gen. Laws ch. 233, § 20J, which plainly applies here. The assertion by Sonoiki, unsupported by factual citation or legal authority, that merely by providing information or testimony to the Harvard disciplinary board about the alleged misconduct of Sonoiki each of these three women completely and unequivocally waived the sexual assault privilege, see Doc. No. 85 at 5–6, is utterly without merit. The suggestion that neither Harvard nor Rankin have standing to assert the privilege on behalf of these three women, see id. at 6, is contrary to law in a case such as this where the privilege has not been waived. See United States v. Lowe, 948 F. Supp. 97, 100 (D. Mass. 1996). The privilege issue will exacerbate the expense and complication of the deposition. Yet any corresponding discovery benefit from the deposition will be minimal, at best, as Rankin's role largely preceded the filing of complaints by each of the three women and the breach of contract count focuses on Harvard's conduct in response to the complaints as well as its conduct of the disciplinary proceedings. The Court thus ALLOWS the Motion with one caveat: In the event discovery reveals information not previously known that reasonably supports taking Rankin's deposition, Plaintiff may file a renewed motion to do so, provided any such motion is filed no later than the close of fact discovery.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge