UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>           Plaintiff,<br><br>      v.<br><br><br>HARVARD UNIVERSITY, et al.,<br><br>           Defendants. | Civil Action No. 1:19-cv-12172-LTS |

**MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE DISPOSITIVE MOTIONS BRIEFING SCHEDULE INTO PHASES CONCERNING LIABILITY AND DAMAGES**

Plaintiff moves for separate phases of briefing on dispositive motions: liability and damages. Plaintiff requests this separation of the briefing schedule both to potentially reduce the costs associated with litigation and to encourage settlement.[1] Courts may order separation of claims, issues, and phases of litigation either upon motion or *sua sponte*. *See, e.g., Brown v. Norfolk & Dedham Mut. Fire Ins. Co.*, 2011 Mass. App. Div. LEXIS 5, *18, 2011 Mass. App. Div. 35; *Duchesneau v. Jaskoviak*, 360 Mass. 730, 733-734, 277 N.E.2d 507 (1972).

Plaintiff's claimed damages include the immediate loss of a lucrative employment opportunity, and the loss of admission and scholarships to attend a prestigious Harvard graduate

---

[1] Plaintiff does not request bifurcation of *trial*, but rather, separation of the briefing schedule at the dispositive motions phase into consideration of dispositive motions concerning liability and declaratory judgment on Plaintiff's breach of contract claim first (before expert discovery) and a second phase concerning damages (following expert discovery).

1

business program. As outlined in his Opposition to Defendants' Motion to Compel, ECF No. 93, Plaintiff plans to engage an expert witness to opine upon the value of his lost business expectancies as well as lost educational and other opportunities that have resulted from his lack of a Harvard degree.

Plaintiff requests a bifurcated briefing schedule to delay expert discovery until a finding on liability is reached at the dispositive motion phase. This bifurcation would provide multiple benefits. First, the bifurcation would delay (or potentially avoid) significant additional costs associated with expert discovery. Second, an initial finding on liability may bring the parties into a better position to discuss options for alternative dispute resolution or other informal resolution without the need for further litigation.

Through this Motion, Plaintiff will not limit nor impede Defendants' fact discovery concerning damages. Rather, Plaintiff recognizes that proving damages in this matter will likely require expert witness discovery for both Plaintiff and Defendants.

Plaintiff believes a bifurcated briefing schedule will be beneficial by delaying, and potentially reducing costs, and by encouraging resolution without impeding Defendants' fact discovery in any way.  For all of the foregoing reasons, Plaintiff respectfully requests that the Motion be granted.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/      Anna E. Bullock*
SUSAN C. STONE (*pro hac vice*)
KRISTINA W. SUPLER (*pro hac vice*)
ANNA E. BULLOCK (*pro hac vice*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com
*Counsel for Plaintiff Damilare Sonoiki*

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing it through this Court's CM/ECF filing system this December 22, 2022.

>   */s/      Anna E. Bullock*
>   ANNA E. BULLOCK (*pro hac vice*)