UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAMILARE SONOIKI, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-12172-LTS |
| HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO COMPEL PLAINTIFF TO COMPLY
WITH HIS INITIAL DISCLOSURE OBLIGATIONS (DOC. NO. 89)

December 23, 2022

SOROKIN, J.

The Motion to Compel (Doc. No. 89) further initial damage disclosures by Plaintiff is ALLOWED IN PART as described herein and OTHERWISE DENIED. As to "expenses incurred during wrongful dismissal," Plaintiff shall supplement his initial disclosures with quantification of the specific expenses he seeks as damages, including the amount of damages he seeks for each such expense. These damages are quantifiable, do not require expert discovery, and shall be disclosed within fourteen days or three business days prior to Plaintiff's deposition, whichever is earlier. Defendant also seeks to require Plaintiff to supplement his initial disclosures regarding his computation of damages for "loss of business expectation interests and opportunities," "long-term diminished earning potential," "reputational cost of wrongful dismissal," and "emotional damage and suffering." Doc. No. 90 at 3–4. To the extent these categories involve specific lost opportunities (e.g., a specific job or business opportunity lost),

then Plaintiff shall supplement by identifying the specific opportunity and the damage arising therefrom. The same applies to special damages within any such category (e.g., the cost of psychiatric care as part of emotional damage and suffering). To the extent the amount of damage is merely a jury question (e.g., the damage arising from the absence of a college degree as testified to by an expert or the damage value of the emotional distress described by Plaintiff), no further quantification is required, though Plaintiff is reminded that the factual basis must be disclosed to the extent sought in discovery or required by automatic disclosure rules.

                                                           SO ORDERED.

                                                /s/ Leo T. Sorokin
                                              Leo T. Sorokin
                                              United States District Judge