UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMILARE SONOIKI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br><br>HARVARD UNIVERSITY, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-12172-LTS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

**I.      Introduction**

Plaintiff has brought suit against Defendants, asserting various ways in which Defendants have breached their contractual obligations to Plaintiff in connection with the Administrative Board process that Plaintiff faced in 2013-2014. Defendants themselves recognize that a portion of Plaintiff's theories of the case include what Defendants identify as an "advocate theory," involving a contention that Ms. Laura Johnson failed to fulfill her obligations to Plaintiff in her role as Plaintiff's Administrative Board representative. *See, e.g.,* Defendants' Memorandum in Support of Defendants' Motion to Quash dated November 22, 2022, ECF No. 82, at p. 3. The discovery requests at issue in this Motion directly relate to this theory.

**II.      Argument**

Defendants have produced a document in discovery revealing that Ms. Johnson had a conflict of interest in serving as Plaintiff's Administrative Board representative. Specifically, Ms.

1

Johnson revealed that she felt "very close" to Betty and that she was hesitant to serve as Plaintiff's Administrative Board representative. After analyzing this document in Harvard's production, Plaintiff drafted a letter dated January 13, 2023, requesting that Defendants make a supplemental search for responsive documents to Request for Production No. 18. Defendants claim that the request for supplemental production seeks non-responsive documents. This is not the case.

The original request sought "any Documents and Communications concerning all interview and/or meetings with Ann, Betty, and/or Cindy…[.]" Plaintiff clarified that the requested search is narrowed to include only "any Communications between Ann, Betty, and/or Cindy and Ms. Johnson reflecting Ms. Johnson's 'support' for Betty or any other complainant against Plaintiff in connection with the Disciplinary Proceedings." The requested search seeks documents that are a subset of those documents requested in Plaintiff's Request for Production No. 18, which included all Documents and Communications related to any interviews or meetings with the complainants.

Plaintiff has further requested a supplemental response to his Request for Production No. 19, clarifying whether the handwritten notes of Laura Johnson connected to the Administrative Board proceeding were lost or destroyed. Request No. 19 requested "all Documents and Communications, including any notes, minutes, memoranda, recordings, and/or reports, of every witness interview conducted by You or any third-party on your behalf, or at your request, in relation to the Disciplinary Proceedings." Defendants have failed to produce Ms. Johnson's handwritten notes. At her deposition, Ms. Johnson has testified to the existence of her handwritten notes at the time of Plaintiff's Administrative Board proceedings. Defendants have represented that they have undertaken a reasonably diligent search for Ms. Johnson's notes and noted that they have produced copies of Plaintiff's Administrative Board records. Ms. Johnson testified that she

believed her notes were retained within Currier House records. Plaintiff simply requests clarification whether the notes were lost or destroyed.

In their letter dated January 17, 2023, Defendants have represented that they refuse to search for and produce responsive documents, in part, objecting to delay. This objection should not obviate Defendants' duty to search for and produce responsive documents, if they exist. With respect to delay, Plaintiff concedes that he may have raised these issues sooner. Plaintiff's counsel was preparing for and participating in four depositions during the time period between Defendants' production and issuance of the January 13, 2023, letter, and, between these depositions, the holiday season was interposed. However, the parties have stipulated and moved for a brief extension of discovery, permitting Defendants sufficient time to conduct a reasonable search for documents responsive to Plaintiff's request and to respond appropriately.

### III.     Conclusion

Plaintiff seeks a response to two discovery requests following the revelation of new information in discovery. For all of the foregoing reasons, Plaintiff respectfully requests that the Motion be granted.

Respectfully Submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/      Anna E. Bullock*
SUSAN C. STONE (*pro hac vice*)
KRISTINA W. SUPLER (*pro hac vice*)
ANNA E. BULLOCK (*pro hac vice*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com; aeb@kjk.com

**NESENOFF & MILTENBERG, LLP**

TARA J. DAVIS (BBO # 675346)
101 Federal Street, 19th Floor
Boston, Massachusetts 02110
Telephone: (617) 209-2188
Facsimile: (212) 736-2260
Email: Tdavis@nmllplaw.com
*Counsel for Plaintiff Damilare Sonoiki*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I served a true copy of the above document upon all parties with an interest in this matter by electronically filing it through this Court's CM/ECF filing system this January 18, 2023.

*/s/     Anna E. Bullock*
ANNA E. BULLOCK (*pro hac vice*)
