UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAMILARE SONOIKI,<br><br>Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, HARVARD UNIVERSITY BOARD OF OVERSEERS, and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendants. | ) | Civil No. 19-12172-LTS |

ORDER ON MOTION TO COMPEL DEFENDANTS
TO RESPOND TO PLAINTIFF'S REQUESTS FOR PRODUCTION (DOC. NO. 100)

February 17, 2023

SOROKIN, J.

Plaintiff filed a Motion to Compel on two matters. Doc. No. 100. First, he seeks to compel production of "any communications between Ann, Betty, and/or Cindy and Ms. Johnson reflecting Ms. Johnson's 'support' for Betty or any other complainant against Plaintiff in connection with the Disciplinary Proceedings." Doc. No. 100 at 1-2. This request is not a complete subset of Request for Production No. 18. Request 18 sought, inter alia, "any Documents and Communications concerning all interviews and/or meetings with Ann, Betty, and/or Cindy . . . ." A communication between Ms. Johnson and Betty, for example, reflecting "support" but not "concerning" an "interview and/or meeting" with Betty or one of the other complainants is not within the scope of Request 18. Insofar as the Motion seeks to compel discovery beyond the scope of Request 18 it is DENIED AS UNTIMELY. The Court established a deadline of November 28, 2022 for serving discovery requests. Doc. No. 67. This mid-January

2023 request made in the last business day or two of the discovery period is untimely and unsupported by a showing of good cause. Insofar as the Motion seeks communications between the identified persons concerning interviews and/or meetings as well as reflecting support, the Motion does seek to compel a subset of what Request 18 sought. To this extent, the Motion is timely. Nonetheless, this portion of the request is also DENIED. Assuming for the benefit of Plaintiff, without deciding, that the alleged conflict arising in the form of Ms. Johnson's description of her prior relationship with one of the complainants against Plaintiff is relevant to the Advocate Theory, Plaintiff has already received the email thread disclosing the "conflict" or "support" Ms. Johnson expressed for Betty, has evidence that Harvard takes the position (both in the email thread and the opposition) that a student's Board Representative (here Ms. Johnson) was not an advocate for the student, and had the opportunity to depose Ms. Johnson about this very topic including this email thread. In these circumstances, the further discovery (of which there is no evidence suggesting even exists) is of limited if any additional value and it is not proportional under Rule 26, especially given that at this stage of the case, this further discovery would inevitably delay dispositive motion practice and trial.

Second, Plaintiff seeks to compel Harvard to produce Ms. Johnson's handwritten notes in response to Request No. 19. Insofar as Plaintiff seeks Johnson's notes of the full Administrative Board meeting on November 19, 2013, as stated at the status conference with the Court on January 18, 2013, the Motion is DENIED AS MOOT, as Johnson has filed an affidavit stating that she does not recall taking notes at that meeting, no longer works for Harvard, and is in possession of no notes from her time as the Resident Dean of the relevant Harvard House in 2013 and 2014. Doc. No. 113-1. There is also no evidence that she took notes at this Ad Board

Meeting. Johnson testified that she took notes at "subcommittee" meetings and that she "did not always take notes" at Ad Board proceedings. Doc. No. 114-7 at 3-4.

Insofar as Plaintiff seeks Johnson's notes of meetings between Johnson and the Plaintiff, Harvard has already produced notes it discovered that Johnson emailed to herself. Doc. No. 114-6 at 3. Harvard also indicated it conducted a reasonably prudent and diligent search which resulted in finding no further notes from Johnson. Id. Insofar as Plaintiff seeks Johnson's notes from subcommittee meetings, Harvard undertook the search just described and located no further notes from Johnson. Doc. No. 113-2 at 14. Plaintiff has not provided any basis to suggest the search conducted by Harvard was deficient. Plaintiff had the opportunity to explore all of these issues during Johnson's deposition and the deposition of Harvard's Rule 30(b)(6) deponent. The Motion to Compel a search for further notes or to require a statement that any such notes are lost or destroyed is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge