UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAMILARE SONOIKI,

          Plaintiff,

v.

HARVARD UNIVERSITY, et al.,

          Defendants.

Civil Action No. 1:19-cv-12172-LTS

## HARVARD'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendants Harvard University, Harvard University Board of Overseers, and President and Fellows of Harvard College (together, "Harvard")[1] respectfully request that this Court enter summary judgment for Harvard on Count One of Plaintiff Damilare Sonoiki's Amended Complaint and Jury Demand ("Amended Complaint").

After this Court dismissed Plaintiff's claims against Harvard in June 2020, the Court of Appeals for the First Circuit affirmed that dismissal as to all but one of those claims. Plaintiff proceeded to file an Amended Complaint alleging that Harvard breached its contract with him in five distinct ways. The Amended Complaint specifically alleges that Harvard failed to follow its own disciplinary procedures in investigating three separate complaints of sexual misconduct that were filed against Plaintiff, which ultimately led to a determination that he be dismissed from Harvard College. As explained in Harvard's accompanying Memorandum of Law, each of Plaintiff's five remaining theories of breach of contract fails as a matter of law.

---

[1] Plaintiff's Amended Complaint incorrectly identifies the Harvard entities as "Harvard University, Harvard University Board of Overseers, and the President and Fellows of Harvard College." The President and Fellows of Harvard College is the legal entity that comprises the various named defendants and is the only proper party to this litigation.

1

Plaintiff's primary theory is that Harvard was not authorized to withhold his degree at graduation because on the date when he would have graduated, Harvard had not yet issued a formal "charge" relating to the complaints of sexual misconduct. However, the undisputed record evidence demonstrates that Plaintiff was notified before graduation that he could not receive a degree while Harvard's Administrative Board ("Ad Board") investigated the complaints; indeed, a form that sets forth the applicable disciplinary procedures (referred to as the "Student Information Form" in this case) makes clear that a student's degree cannot issue if a complaint has been filed against the student. Any alleged expectation that Plaintiff had to the contrary was wholly unreasonable.

Discovery has also shown that Plaintiff's other four theories of liability are equally meritless. *First*, Plaintiff alleges that his Ad Board Representative, Laura Johnson, breached her duty to advocate on his behalf. However, the Student Information Form expressly says that the Board Representative "will not advocate for you," and the evidence adduced in discovery plainly confirms that understanding. *Second*, Plaintiff's claim that Johnson improperly divulged confidential information is belied not only by the fact that Johnson had no duty of confidentiality as a Board Representative, but also because Plaintiff has never identified (and cannot identify) a single piece of confidential information that he believes Johnson divulged. *Third*, the allegation that Harvard failed to tell Plaintiff the names of witnesses against him is indisputably false. The record reflects, among other things, that Plaintiff knew witness names, and that any information he did not have was due to him repeatedly refusing Johnson's attempts to share that information with him. *Fourth*, Plaintiff contends that Johnson failed to attend a meeting that the evidence clearly shows she attended, and that Ellison failed to hold a meeting that the evidence shows he held. In sum, there is no genuine issue of material fact with respect to any of Plaintiff's

2

remaining theories of liability against Harvard, and summary judgment should enter for Harvard.

In addition, Harvard is entitled to summary judgment for the independent reason that Plaintiff cannot prove that Harvard was the proximate cause of any of the purported damages he seeks in this case. In particular, Plaintiff alleges that he is entitled to damages for, among other things, lost employment opportunities in the finance and entertainment industries, even though discovery has revealed that Plaintiff, in fact, lost those opportunities because, among other reasons: (i) he engaged in insider trading; (ii) lied to his employers about his criminal activities and the reason he did not get his degree; and (iii) the allegations of sexual misconduct against Plaintiff (which Harvard had no role in publicizing) became public.

For these and the other reasons detailed in Harvard's Memorandum of Law, as supported by the Declarations of David Cohen, Anton Metlitsky, John Lee Ellison, Laura Johnson, and Michael Burke,[2] Harvard is entitled to judgment as a matter of law on the undisputed record.

**WHEREFORE**, Harvard respectfully requests that this Court enter summary judgment for Harvard as to Count One of the Amended Complaint.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Harvard respectfully requests that this Court set a hearing on Harvard's Motion for Summary Judgment.

---

[2] Under Local Rule 56.1, the material facts in support of Harvard's Motion are set forth in the Statement of Undisputed Facts which will be filed concurrently with Plaintiff's opposition to the Motion for Summary Judgment, pursuant to this Court's standing order regarding summary judgment motions.

Dated: May 31, 2023                                                     Respectfully submitted,

                                                                                       */s/ Anton Metlitsky*

                                                                                       Anton Metlitsky (*pro hac vice*)
                                                                                       ametlitsky@omm.com
                                                                                       David Cohen (*pro hac vice)*
                                                                                       dcohen@omm.com
                                                                                       O'MELVENY & MYERS LLP
                                                                                       7 Times Square
                                                                                       New York, NY 10036
                                                                                       Telephone:     (212) 326-2000
                                                                                       Facsimile:      (212) 326-2061

                                                                                       Apalla U. Chopra (*pro hac vice*)
                                                                                       achopra@omm.com
                                                                                       O'MELVENY & MYERS LLP
                                                                                       400 South Hope Street
                                                                                       Los Angeles, CA  90071
                                                                                       Telephone:     (213) 430-6000
                                                                                       Facsimile:      (213) 430-6407

                                                                                       Victoria L. Steinberg (BBO #666482)
                                                                                       vsteinberg@clohertysteinberg.com
                                                                                       Rebecca M. O'Brien (BBO #693592)
                                                                                       robrien@clohertysteinberg.com
                                                                                       CLOHERTY & STEINBERG LLP
                                                                                       33 Arch Street, Suite 3150
                                                                                       Boston, MA  02110
                                                                                       Telephone:     (617) 481-0160

                                                                                       *Attorneys for Defendants,*
                                                                                       *Harvard University, Harvard University*
                                                                                       *Board of Overseers, and the President and*
                                                                                       *Fellows of Harvard College*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 31, 2023.

*/s/ Anton Metlitsky*
Anton Metlitsky
